

2005 Decisions

**Opinions of the United
States Court of Appeals
for the Third Circuit**

5-25-2005

# Williamson v. Wexford Health Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3481

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Williamson v. Wexford Health Ser" (2005). *2005 Decisions.* Paper 1131.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1131

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3481
_____

LEONARD T. WILLIAMSON,

Appellant

v.

WEXFORD HEALTH SOURCES, INC.; STATE CORRECTIONAL INSTITUTION, at
Pittsburgh (SCIP) Medical Department; DON GEORGE, RN; BONNIE BELL, RN;
RACHELLE, RN; NOEL RANKIN, RN; MARSHA HANCOCK, RN; TOM
MCDONOUGH, PHYSICIANS ASSISTANT

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-1240)
Magistrate Judge:  Honorable Lisa Pupo Lenihan
_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2005

Before: NYGAARD, VAN ANTWERPEN AND STAPLETON, <u>CIRCUIT JUDGES</u>

(Filed   May 25, 2005   )
_____

OPINION
_____

PER CURIAM

Appellant Leonard T. Williamson appeals the District Court's order granting the

defendants' motions for summary judgment and dismissing his prisoner civil rights action

for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). For

the reasons that follow, we will affirm.

Williamson initiated an action in the District Court pursuant to 42 U.S.C. § 1983

alleging that he suffered seizures while temporarily confined at SCI-Pittsburgh because

he was not provided with medication that had been prescribed to treat his epilepsy. He

named as defendants the SCI-Pittsburgh medical department and various Department of

Corrections medical staff ("the DOC defendants"), as well as Wexford Health Sources,

Inc. (the contracted health services provider for the prison) and one of its employees ("the

Wexford defendants"). The DOC and Wexford defendants separately moved for

summary judgment, arguing that Williamson had failed to exhaust administrative

remedies. The parties consented to proceed before a Magistrate Judge, who granted both

motions. Williamson appealed.[1]

The Prison Litigation Reform Act of 1995 ("PLRA") prohibits an inmate from

bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison

officials until the inmate has exhausted available administrative remedies. 42 U.S.C.

§ 1997e(a) (2001). The exhaustion requirement of the PLRA applies to grievance

procedures "regardless of the relief offered by the administrative procedures." Booth v.

---

[1]We review de novo the District Court's order dismissing for failure to exhaust administrative remedies and for failure to state a claim. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

Churner, 532 U.S. 731, 741 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (explaining that "the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action").

The Commonwealth's inmate grievance process, outlined in DC-ADM 804, consists of three stages of administrative review.[2] An initial grievance must be submitted to a Grievance Coordinator within 15 working days after the events upon which the claims are based. DC-ADM 804 § VI.A.1.h. An inmate has 5 working days to appeal the Grievance Coordinator's decision to the Facility Manager or Superintendent of the local prison. See id. at § VI.C.1.b. Once the intermediate decision is made, the inmate has 5 working days from the date the decision was received to file a final appeal with the Secretary's Office of Inmate Grievances and Appeals. See id. at § VI.D.1.b.

It is undisputed that Williamson failed to follow this procedure. See Appellant's Br. at 3-4. On July 20, 2003, he submitted an initial grievance to the Grievance Coordinator at SCI-Pittsburgh complaining that he had suffered two seizures because he was not provided with medication that had been prescribed to treat his epilepsy. Id. at 3, Exhibit A. By the time the Grievance Coordinator rendered a decision, Williamson had

---

[2] All citations to DC-ADM 804 refer to the version in effect when Williamson was denied his anti-seizure medication.

3

been transferred back to SCI-Houtzdale and was receiving his medication.  Id. at 3.  Williamson did not appeal the Grievance Coordinator's decision.

Williamson argues, essentially, that further administrative exhaustion would have been futile because he had "received all the medical treatment he requested."  Appellant's Br., 6.  In support of this assertion, Williamson relies on Perez v. Wisconsin Dept. of Corrections, in which Judge Easterbrook suggested in dicta that exhaustion should not be required when "the harm is done and no further administrative action could supply any 'remedy.'"  182 F.3d 532, 538 (7th Cir. 1999).  Although we have acknowledged this potential exception to the exhaustion requirement, we nevertheless held that "§ 1997e(a), as amended by the PLRA, completely precludes a futility exception to its mandatory exhaustion requirement."  See Nyhuis, 204 F.3d at 69 n.4, 71.  Accordingly, Williamson was required to present his claim at all levels of the administrative appeals process before filing suit.  Because any attempt to appeal the denial of the initial grievance would now be time-barred, Williamson's claim is procedurally defaulted.  See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004) (holding that the PLRA's exhaustion requirement contains a procedural default component).

For the foregoing reasons, we will affirm the District Court's order granting the defendants' motions for summary judgment.

4

STAPLETON, <u>Circuit Judge</u>, dissenting:

Williamson has epilepsy and twice daily must have doses of Lamictal (500 mg.) and Depakote (100 mg.) to avoid having serious seizures. The defendants were made aware of his condition and of his need for these medications. Despite this knowledge, they did not provide him with these medications from July 13, 2003, through July 24, 2003. As a result, he experienced multiple seizures on July 17, 2003, July 18, 2003, July 22, 2003, and July 24, 2003. Williamson filed a grievance on July 20, 2003, seeking the necessary medication. On August 7, 2003, the Grievance Officer issued the following "Initial Review Response":

> Mr. Williamson, Your Medication record was reviewed and the Block Nurse interviewed. The medications you arrived with were given to you. When that supply ran out the nurses informed the physician and requested a refill. They did not receive a refill and there was no lamictal to give you. The physicians were notified.

App. at Ex. B. As the Court notes, by the time this "Response" was prepared, Williamson had begun to receive the medications he sought. The record is not clear as to whether this relief was secured as a result of "the physicians [being] notified." Suffice it to say that Williamson's grievance had either been successful or rendered moot as of the point in time Williamson could have appealed the Initial Review Response.

In this civil rights suit, Williamson charges defendants with deliberate indifference to his serious medical need in violation of the Eighth Amendment. He seeks

5

compensatory and punitive damages. The District Court held that Williamson had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

I would hold that the District Court erred. Williamson pursued the administrative process available to him until his problem was satisfactorily resolved. The PLRA requires only the exhaustion of "available remedies," and, at that point, there was no further administrative remedy "available" to him. Moreover, it clearly would serve no purpose of the PLRA or Pennsylvania's Prison Grievance Process to require one in Williamson's position to continue to press his grievance after securing a satisfactory resolution of it, even in the very unlikely event that someone would listen to him if he did.

In *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000), we reviewed the policy considerations supporting exhaustion requirements. They included:

> (1) avoiding premature interruption of the administrative process and giving the agency a chance to discover and correct its own errors; (2) conserving scarce judicial resources, since the complaining party may be successful in vindicating his rights in the administrative process and the courts may never have to intervene; and (3) improving the efficacy of the administrative process.

*Id*. at 75. We noted in *Nyhuis* that Congress "seems to have had [each of these policies] in mind in enacting the PLRA." *Id*. When an inmate has submitted his grievance to the prison's grievance process, it is apparent that none of these objectives would be served by requiring the pursuit of that grievance beyond the point where the process can provide no further remedy.

6

Williamson is not making a "futility" argument of the kind we rejected in *Nyhuis*. There, the inmate did not file a grievance before initiating a civil rights action seeking damages, a declaratory judgment and an injunction. When confronted with the argument that he had failed to exhaust his administrative remedies, he pointed out that the administrative process could not provide two of the three forms of relief he sought – damages and a declaratory judgment. Because pursuit of his administrative remedies would thus have been for the most part futile, he argued that exhaustion should be excused. We rejected this argument, holding that as long as *some* remedy was available through the administrative process, exhaustion could not be excused.

Here, Williamson is not asking to be *excused* from the exhaustion requirement; he claims to have *satisfied* it by pursuing his administrative remedies to the point where the process could no longer provide *some* remedy.

Among our exhaustion cases, the closet one to the facts of this case is *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). There, as here, the inmate claimed deliberate indifference to a serious medical need and sought a damage recovery in a civil rights action. There, as here, the inmate had pursued the grievance process until he had exhausted possibility of any relief being secured – in Spruill's case, he went through all three grievance levels and, while he did receive some measure of medical care as a result, his final appeal was denied on the ground that, by that time, he was receiving appropriate care. The District Court dismissed his claim, holding that because he had not sought

7

monetary relief from the prison in his grievances, he had not exhausted his administrative remedies with respect to that relief and, accordingly, had procedurally defaulted his claim to that relief. On appeal, we reversed, holding that although a failure to exhaust can result in procedural defaults, Spruill's damage claim was not procedurally defaulted because Pennsylvania's Grievance Process did not require that the inmate assert any monetary claim that he might have. We allowed Spruill's civil rights claim to go forward, concluding as follows:

> Nothing in the Grievance System Policy would have put Spruill on notice that he had to ask for money damages – or any particular form of relief at all. Therefore we conclude that he has satisfied [the PLRA], and we cannot affirm the District Court's dismissal on this failure-to-exhaust ground.

*Id.* at 234.

Consistent with *Spruill*, I would allow Williamson's claim to go forward here.