**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2396
_____

ANTHONY V. CAIBY,
                                        Appellant

v.

WARDEN GARY HAIDLE;
DEPUTY WARDEN JOSPEH MCCOY,
Deputy Warden of Security;
JANE/JOHN DOE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 18-cv-01120)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 4, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Anthony V. Caiby is a Pennsylvania inmate currently located at SCI-Phoenix. In June 2018, he filed a federal civil rights complaint, alleging that he had been mistreated while housed at the Monroe County Correctional Facility ("Monroe County CF") from February 2013 through September 2016. Caiby named as defendants the warden, deputy warden, and several unknown employees of Monroe County CF. Caiby also filed exhibits with his complaint and a motion for leave to proceed in forma pauperis ("IFP") under § 1915. A few days later, the District Court granted Caiby's IFP motion and sua sponte dismissed the complaint. The District Court concluded that Caiby failed to comply with 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), which mandates that prisoners exhaust the available prison grievance remedies before filing a federal civil rights action concerning prison conditions. Caiby timely appealed. We have jurisdiction to review the District Court's final order under 28 U.S.C. § 1291.[1]

It is well-settled that exhaustion is mandatory under the PLRA. See, e.g., Ross v. Blake, -- U.S. --, 136 S. Ct. 1850, 1856 (2016). As acknowledged by the District Court, a plaintiff's "failure to exhaust is an affirmative defense to be pleaded by the defendant." Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Sua sponte dismissal for failure to exhaust may be warranted when a plaintiff expressly concedes that failure on the face of the complaint. See id., 285 F.3d at 293 n.5. Otherwise, the district court must provide

---

[1] After filing his notice of appeal, Caiby filed in the District Court a document treated as a timely motion for reconsideration. The District Court denied the motion for similar reasons given for dismissing the complaint. Caiby then filed several documents disavowing any intent to file a motion for reconsideration. In any event, Caiby did not file a separate notice of appeal or an amended notice of appeal, so our review is limited to the District Court's dismissal order only. See Fed. R. App. P. 4(a)(4)(B)(ii).

2

parties with notice and an opportunity to respond before resolving any factual disputes regarding exhaustion.  See Paladino v. Newsome, 885 F.3d 203, 211 (3d Cir. 2018).

Here, the District Court immediately proceeded to sua sponte dismissal on the basis that no factual dispute existed regarding Caiby's failure to exhaust.  On the form used for prisoner civil rights complaints, Caiby chose neither "yes" nor "no" in response to the question whether he fully exhausted his available administrative remedies.  Instead, Caiby explained that he filed an initial grievance that was "not fully resolved," noting, "I was [illegible] unable to fully exhaust as I was transfer[r]ed and that jail had [] time limit to file a grievance or to appeal a grievance only a two step process. . . .  Because everything was covered up eventually, I was transferred to state prison, this was [their] policy/custom."  (Complaint at 2, ¶II B-D.)  The District Court interpreted these statements to determine that Caiby "readily admits that he did not exhaust the available administrative remedies."  (District Court Mem. at 4.)

Upon review of the record, we conclude that this matter was not appropriate for sua sponte dismissal under § 1997e(a).  Although Caiby stated that he was unable to fully exhaust his prison remedies, he also made allegations suggesting that his transfer was intended to interfere with his completing the grievance process—an argument repeated in his brief.  See Informal Brief at 4 ("my transfer when I was injured was an official attempt to thwart my ability to exhaust was rendered unavailable" [sic].  Section 1997e(a) requires exhaustion of remedies, but only to the extent that they "are available." 42 U.S.C. § 1997e(a); Ross, 136 S. Ct. at 1858-59 (an inmate "must exhaust available remedies, but need not exhaust unavailable ones").  Thus, Caiby's statement in his

3

complaint may have been intended not as a concession of a failure to exhaust but as an assertion that remedies became unavailable to him.[2]

Moreover, other allegations in the complaint, read together with exhibits to the complaint, are inconsistent with a finding that Caiby conceded his failure to exhaust. For example, Caiby stated that he "filed several grievances about these constitutional violations" that were unresolved, and that Monroe County CF had no time limits for filing or for appealing grievance determinations. (Complaint at 26-27.) This might indicate lack of exhaustion of the grievance procedure, but it also might indicate exhaustion with lack of success in obtaining relief. In addition, Caiby's exhibits to his complaint included "Exhibit #3 Miscellaneous Grievance/Ad-Seg Order," containing three Monroe County CF documents: (1) a July 14, 2016 administrative segregation order, moving Caiby to "J Unit"; (2) a Sergeant's undated response to Caiby's grievance concerning his J Unit placement and classification, as well as allegations relating to maltreatment, law library access, recreation, and "informants or saboteurs"; and (3) the Deputy Warden's August 2, 2016 denial of Caiby's July 26, 2016 appeal concerning classification and segregation status. (Exhibits at 13-17.) The District Court did not mention this grievance or discuss the applicable grievance procedure in effect at Monroe

---

[2] The District Court rejected Caiby's argument, stating that a prison transfer does not excuse the exhaustion requirement. In support, the District Court cited, inter alia, our not precedential decision in Williamson v. Wexford Health Sources, Inc., 131 F. App'x 888, 890 (3d Cir. 2005). We did not address that precise issue in Williamson, where the inmate's position was that administrative exhaustion was futile after his transfer because he received the relief sought in his grievance. Regardless, given our disposition of this appeal, we need not reach this issue.

County CF, let alone discuss why Caiby's effort fell short for purposes of § 1997e(a) exhaustion.

We do not endeavor to make any factual determination here regarding whether exhaustion was complete or whether administrative remedies were rendered unavailable. We leave the matter for the District Court's determination in the first instance. Accordingly, we will vacate the District Court's judgment and remand the matter for further proceedings. Caiby's motion for appointment of counsel is denied.