**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3495
_____

ALIREZA BAKHTIARI,
Appellant

v.

SPAULDING; REEDY; HAUSE; GALLOZA; MARTIN; MAIZE; FELTON;
SLUKOM; BITTENBENDER; LOZANO; LIEUTENANT JOHN DOE 1;
LIEUTENANT JOHN DOE 2; LIEUTENANT JOHN DOE 3;
MICHAEL TAFLESKI; UNITED STATES OF AMERICA; BREWAGNER;
TRITHOL, Defendant in Individual Capacity Only
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-17-cv-00016)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 13, 2019

Before: CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed: July 2, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Alireza Bakhtiari appeals from the District Court's order granting the defendants' motion to dismiss and for summary judgment. For the reasons discussed below, we will affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Bakhtiari filed a complaint in the District Court in January 2017, alleging that he suffered physical and psychological abuse while incarcerated at FCI Allenwood in 2015 and 2016. Among other claims against various defendants, Bakhtiari brought Federal Tort Claims Act (FTCA) claims against the United States. See 28 U.S.C. §§ 1346, 2671–80. In June 2017, the District Court dismissed many of Bakhtiari's claims[1] and granted him leave to file an amended complaint.

In August 2017, Bakhtiari filed an amended complaint which raised FTCA claims against the United States for intentional infliction of emotional distress, conspiracy, assault, battery, and negligence. The amended complaint also raised Bivens claims that Bakhtiari's First, Fifth, and Eighth Amendment rights were violated by the individual defendants. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). The defendants filed a motion to dismiss and for summary judgment, arguing that the District Court lacked jurisdiction over the FTCA claims because Bakhtiari filed his

---

[1] We do not address these dismissed claims further, as Bakhtiari does not challenge the District Court's June 2017 dismissal order. United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) (appellant's "failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal"). Similarly, because Bakhtiari has raised no argument regarding his claims under 42 U.S.C. §§ 1985 and 1986, we do not address the District Court's rulings on those claims.

2

complaint before the Bureau of Prisons (BOP) had denied the claims in writing. With respect to the <u>Bivens</u> claims, the defendants argued that Bakhtiari failed to exhaust available administrative remedies in accordance with the Prison Litigation Reform Act (PLRA), <u>see</u> 42 U.S.C. § 1997e(a). Before ruling on the defendants' motion, the District Court issued an order, citing <u>Paladino v. Newsome</u>, 885 F.3d 203, 211 (3d Cir. 2018), which informed the parties that the District Court would review matters outside the pleadings, consider the PLRA exhaustion issue in the context of summary judgment, and resolve factual disputes in its role as factfinder. The order also informed the parties that they could submit additional materials relevant to the exhaustion issues.

After the parties responded, the District Court granted the defendants' motion. The District Court dismissed the FTCA claims, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction. The District Court entered a judgment as a matter of law in favor of the defendants on the remaining claims, determining that Bakhtiari failed to exhaust available administrative remedies. The District Court also denied, as withdrawn, Bakhtiari's pending motion to disqualify the defendants' counsel based on counsel's alleged presentation of false evidence. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of the motion to dismiss for lack of jurisdiction. <u>See</u> <u>Gould Elecs. Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000). "We review the determination of a failure to exhaust de novo," but we will "accept the [District] Court's factual conclusions unless clearly erroneous." <u>Small v. Camden County</u>, 728 F.3d 265,

3

268 (3d Cir. 2013). We review the District Court's denial of the motion to disqualify counsel for abuse of discretion, but "to the extent that the questions underlying the disqualification motion are purely legal . . . our review is plenary." Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 588 (3d Cir. 1999) (citation omitted). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (citation omitted).

III.

We agree with the District Court's determination that it lacked jurisdiction over Bakhtiari's FTCA claims. An FTCA action may not be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); see McNeil v. United States, 508 U.S. 106, 111 (1993). This exhaustion requirement "is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted). Here, the undisputed facts in the record show that Bakhtiari instituted this case in January 2017, three months before his FTCA claims were finally denied by the BOP in writing on April 18, 2017.[2] Thus, the District Court lacked jurisdiction over Bakhtiari's FTCA claims. See McNeil, 508 U.S. at 111–13.

---

[2] As the United States raised a factual challenge to the District Court's jurisdiction, the District Court properly considered evidence outside the pleadings. See Gould Elecs., 220 F.3d at 176–77. In particular, we note that the United States supported its motion to dismiss with a copy of the BOP's April 18, 2017 denial letter. Bakhtiari's unsupported assertion—that the BOP informed him by telephone that it had denied his claims in December 2016—was insufficient to create a genuine dispute of material fact regarding

4

With respect to Bakhtiari's Bivens claims, the District Court properly granted judgment as a matter of law in favor of the defendants because Bakhtiari failed to exhaust available administrative remedies. The PLRA requires prisoners to exhaust available administrative remedies before bringing a suit alleging unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a); see Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000) (noting that § 1997e(a) "applies equally to § 1983 actions and to Bivens actions") (citation omitted). As "proper exhaustion of administrative remedies is necessary" to fulfill the PLRA's exhaustion requirement, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). However, the PLRA requires exhaustion of only those remedies that are "available," and an administrative remedy, although officially on the books, may not be available in some circumstances, including when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. 1850, 1860 (2016); see also Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018).

Here, Bakhtiari's Bivens claims relate to the defendants' conduct at FCI Allenwood between November 2015 and January 2016. The parties do not dispute that

---

when the claims were finally denied by the BOP. See 28 U.S.C. § 2675(a) (the claim must "have been finally denied by the agency in writing and sent by certified or registered mail"); cf. Gould Elecs., 220 F.3d at 177 ("if there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination") (citation omitted).

5

Bakhtiari failed to file any administrative remedy requests between November 2015 and February 2016, and that he failed to properly exhaust several administrative claims that he filed thereafter.[3] The defendants presented evidence, including sworn declarations from three prison officials, that Bakhtiari had access to administrative remedy forms through various prison staff, including his assigned counselor Anthony Delmonico. In opposing the defendants' motion, Bakhtiari submitted unsworn declarations in which he maintained that the defendants denied him the opportunity to submit administrative remedy forms, or that they lost, shredded, or never delivered the forms that he submitted, or that the defendants' use of force and threats discouraged him from pursuing administrative remedies.

On this record, the District Court did not clearly err in finding that Bakhtiari's factual claims were unsubstantiated and contradictory. The record shows that Bakhtiari was able to submit some administrative remedy forms, which undermines his argument that the defendants' actions rendered those remedies unavailable. Cf. Rinaldi, 904 F.3d at 269 (to defeat exhaustion defense based on threats, "inmate must show (1) that the threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate").[4] Therefore, we agree with the District Court's determination that

---

[3] To properly exhaust the BOP's administrative remedies, an inmate must generally: (1) attempt an informal resolution with staff at the institution; (2) file a formal complaint with the institution; (3) file an appeal to the appropriate Regional Director; and (4) file an appeal to the General Counsel at the Central Office. See 28 C.F.R. § 542.10–.15.
[4] To the extent that Bakhtiari presented evidence that might indicate that he submitted administrative remedies which were not in the defendants' records, the District Court

6

the defendants did not thwart Bakhtiari from taking advantage of available administrative remedies, and that the defendants were entitled to judgment as a matter of law on the Bivens claims.[5]

Finally, Bakhtiari's motion to disqualify the defendants' counsel based on counsel's alleged lack of candor was meritless, as the motion failed to show that any evidence had been falsified by defense counsel. See generally United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980) (district courts are empowered with "inherent authority to supervise the professional conduct of attorneys appearing before it"); see also Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 (3d Cir. 1994) (noting that "a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers").

Accordingly, we will affirm the judgment of the District Court.

---

correctly noted that those submissions would have been untimely because they were submitted in March 2016 or later, more than 20 days "following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14; see also Woodford, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.").

[5] The District Court properly made that determination after it provided the parties with notice that it would act as a factfinder and with an opportunity to submit additional materials relevant to exhaustion. See Paladino, 885 F.3d at 211. Bakhtiari has not persuaded us that the District Court abused its discretion in deciding not to hold an evidentiary hearing, as he has not shown what the hearing would have added to the record. See id. ("a full-scale evidentiary hearing (i.e. involving live testimony) is not required each time that a prisoner claims that he exhausted his administrative remedies . . . we leave that to the discretion of the district courts").