**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2058
_____

BRIAN PALADINO,
                              Appellant
v.

K. NEWSOME; JOHN DOES 1-10; SHIRLEY STEPHENS;
GARY M. LANIGAN; CHARLES WARREN; M.
PERKINS; L.T. CROTHERS; D. GERDES; OFFICER
WHITE; OFFICER PINKSTON; OFFICER
IMPAGLIAZZO; K. NELLSEN; SGT. ANTOINELLO; J.
ILARDI; J. DOMINGUEZ; OFFICER MAURA; JOHN
ROES 1-10; SGT. ANDERSON; JASON HOLDER
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-12-cv-02021)
District Judge: Honorable Anne E. Thompson
_____

Argued: November 15, 2017

Before: CHAGARES, VANASKIE, and FUENTES, *Circuit
Judges*

—————

Shannon L.C. Ammon
Rachel A.H. Horton            **[ARGUED]**
Bruce P. Merenstein
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
         *Counsel for Appellant*

Christopher C. Josephson            **[ARGUED]**
Alex J. Zowin
Office of Attorney General of New Jersey
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625
         *Counsel for Appellees*

—————

OPINION OF THE COURT

—————

FUENTES, *Circuit Judge*.

Brian Paladino, an inmate at New Jersey State Prison (the "Prison"), filed a section 1983 civil rights action against various Prison employees alleging a number of constitutional claims. The District Court granted summary judgment on many of his claims after finding that he failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act of 1995 (the "Act"). In so doing, the District Court—without notifying the parties—relied on our decision

in *Small v. Camden Cnty.*[1] to resolve the exhaustion issue based on the record alone.

While we affirm with respect to the majority of Paladino's claims, we vacate the grant of summary judgment on Paladino's excessive force claim based on an alleged assault in October 2010 (the "2010 excessive force claim") because there existed a genuine issue of material fact regarding whether he exhausted that claim. Although conclusory assertions are insufficient to survive a motion for summary judgment, such relief should be denied when there is a genuine issue of material fact on exhaustion.

As the District Court correctly noted, under *Small*, "judges may resolve factual disputes relevant to the exhaustion issue."[2] Nevertheless, as discussed below, we now hold that some type of notice and an opportunity to respond are needed before a district court elects to decide factual disputes regarding exhaustion. Thus, we remand for further proceedings as to whether Paladino properly exhausted his 2010 excessive force claim.

## I.    Background

### A.    The Prison's Grievance Process

Prison inmates submit grievances through the Inmate Remedy System Form (the "form"). Generally, a form should be processed and returned within thirty days. An inmate must

[1] 728 F.3d 265 (3d Cir. 2013).

[2] *Id.* at 271.

appeal within ten days if he is dissatisfied with the response. The Administrator renders decisions on appeal. An inmate who receives a response to his appeal has exhausted his administrative remedies.

### B. Paladino's Complaint

Paladino, then *pro se*, filed an initial complaint in April 2012, and an amended complaint in June 2012 (collectively, the "Complaint"). The District Court *sua sponte* dismissed several of Paladino's claims, none of which are at issue. However, the District Court permitted Paladino to proceed with claims that Defendants violated his Eighth Amendment rights by (1) using excessive force against him on three occasions; (2) subjecting him to poor conditions of confinement by depriving him of meals, recreation, contact visitation, educational programs, hygiene supplies, and cleaning supplies; and (3) providing inadequate medical care. The District Court further allowed Paladino to pursue Fourteenth Amendment claims for deprivation of meals, as well as cleaning, writing, and hygiene supplies.

### C. First Summary Judgment Motion

In January 2013, Defendants filed a motion for summary judgment based on Paladino's failure to exhaust. In support, Defendants searched the Prison's records and attached all forms filed by Paladino from May 2011 through June 2012. Defendants maintained that this evidence showed that Paladino failed to exhaust because he did not file the required forms for many of his claims, and while he filed forms for some of his other claims, he did not appeal the Prison's responses to those forms.

4

Paladino responded by generally claiming that the record was "incomplete."[3]   Paladino also said that he appealed when he received responses to the forms, however, the Prison never responded to those appeals.  Paladino further broadly alleged that Prison employees "intentionally lie, manipulate, improperly handle and falsify" forms.[4]  Paladino did not, however, claim that the record was missing grievance forms he had filed concerning any of the claims at issue in his Complaint.

In June 2013, the District Court granted Defendants' motion in part, finding that Paladino failed to exhaust his excessive force and medical care claims, as well as the majority of his conditions of confinement and equal protection claims (the "June 2013 order").  In this regard, the District Court found that the forms Defendants submitted were "a complete set" because Paladino did not assert that he filed any other forms.[5]  Accordingly, because there were no forms in the record for the excessive force and medical care claims, as well as certain of the conditions of confinement and equal protection claims, the District Court entered summary judgment on them.

However, the District Court denied the motion with respect to the conditions of confinement claims regarding hygiene supplies and recreational privileges, and the Fourteenth Amendment claims for hygiene and writing supplies.  The District Court held there was a genuine issue of

---

[3] JA 432.

[4] JA 423.

[5] JA 42.

material fact regarding exhaustion of these claims because Paladino filed forms for them and asserted that the Prison failed to respond.

Paladino moved for reconsideration. The District Court granted the motion in part, finding that it erred in granting summary judgment on the 2010 excessive force claim because the record only contained forms from May 2011 to June 2012.

### D.    Second Summary Judgment Motion

At the heart of this appeal is Defendants' second summary judgment motion on exhaustion grounds. This time, Defendants submitted all forms filed by Paladino found in the Prison's records between August 2010 and May 2011. Defendants contended that Paladino failed to exhaust his 2010 excessive force claim because the Prison's records did not contain a form for the underlying assault. Defendants further argued that Paladino failed to exhaust his Eighth Amendment conditions of confinement claims regarding hygiene supplies and recreational privileges, as well as his Fourteenth Amendment claim for lack of hygiene supplies, because he did not appeal the Prison's responses on those claims.

In opposition, Paladino vaguely insisted that he filed "numerous" forms and "appealed numerous responses" that "vanished after being properly submitted and/or filed."[6] Paladino further stated that "numerous [] grievances have

---

[6] JA 1047–1048.

gone missing in regards to [his] claims of excessive force."[7] Importantly, this last assertion was supported by specific record evidence in the form of Paladino's sworn deposition testimony that he "submitted no less than six [] forms about [excessive force] [and], about wanting to be placed in some type of protective custody."[8] Indeed, when pressed during his deposition whether he filed forms "specifically about this allegation of excessive force," Paladino responded "I remember they were about that, yes."[9]

In March 2015, the District Court granted summary judgment on Paladino's remaining claims (the "March 2015 order"). Despite acknowledging "a factual dispute between the parties regarding the exhaustion issue," the District Court did so on the record alone.[10] In so doing, the District Court noted that Paladino "point[ed] to no substantive proof to support [his] conclusion besides his own self-serving assertions."[11]

The District Court held that, while Paladino submitted forms regarding a lack of hygiene supplies and recreational privileges, he did not exhaust those claims because "he did not appeal the initial decisions made by the [Prison]."[12] Thus, the District Court granted summary judgment on the Eighth

---

[7] JA 1185.

[8] JA 810.

[9] JA 810.

[10] JA 57.

[11] JA 58.

[12] JA 60.

7

Amendment conditions of confinement claims for inadequate hygiene supplies and lack of recreational privileges, as well as the Fourteenth Amendment claim for lack of hygiene supplies.[13] The District Court also held that Paladino failed to exhaust his 2010 excessive force claim because, while he "filed numerous [forms] relating to a variety of issues," there was "no evidence" that he filed a form "relating to his allegations of an assault in October 2010."[14] In reaching this conclusion, the District Court did not consider Paladino's sworn deposition testimony that he filed at least six forms for that claim. This appeal followed.[15]

---

[13] As noted, Paladino's remaining claims also included a Fourteenth Amendment claim for a lack of writing supplies. The District Court found that Paladino exhausted this claim, but granted summary judgment to Defendants on that claim on other grounds. Paladino does not appeal that decision.

[14] JA 59.

[15] Paladino's notice of appeal only listed the March 2015 order. However, because he filed his notice of appeal *pro se,* we will construe it to include the June 2013 order. *See Gov't of the Virgin Islands v. Mills*, 634 F.3d 746, 751 (3d Cir. 2011) ("The duty to construe appeal notices liberally is heightened in cases involving *pro se* appellants.").

8

## II.    Discussion[16]

The Act's exhaustion requirement states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[17]  This requirement "applies to a grievance procedure described in an inmate handbook but not formally adopted by a state administrative agency."[18]  "Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."[19]

### A.    The Summary Judgment Orders

Paladino contends that the District Court erred in granting motions for summary judgment because there were disputed factual issues regarding exhaustion.  Defendants respond that summary judgment was warranted "[b]ecause Paladino failed to submit anything other than self-serving assertions" to counter the "voluminous" records they

---

[16] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a grant of summary judgment. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002).

[17] 42 U.S.C. § 1997e(a).

[18] *Concepcion v. Morton*, 306 F.3d 1347, 1348–49 (3d Cir. 2002).

[19] *Small*, 728 F.3d at 268.

produced.[20]  We address the two summary judgment orders in turn.

### i.     The June 2013 Order

We start with the June 2013 order granting summary judgment on Paladino's inadequate medical care claims—as well as the majority of his excessive force, conditions of confinement, and equal protection claims—for failure to exhaust.   As noted, Defendants went through the Prison's records and provided all forms therein filed by Paladino between May 2011 and June 2012.  Defendants argued that because the records contained no forms for the above claims, Paladino failed to exhaust them.

In response, Paladino failed to assert that he filed forms for the claims that Defendants sought to dismiss on exhaustion grounds.   Rather, Paladino vaguely claimed— without providing any specifics—that the Prison's records were "incomplete" and that Prison employees purposefully interfered with his forms.[21]    However, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment."[22]  Instead, Paladino needed to "set forth specific facts that reveal a genuine issue of material fact" concerning the exhaustion of these claims.[23]  Because he did not do so, we affirm the June 2013 order.

---

[20] Appellees' Br. at 13–14.

[21] JA 432.

[22] *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (citation omitted).

[23] *Id.*

### ii. The March 2015 Order

We begin our discussion of the March 2015 order with the grant of summary judgment on the Eighth Amendment conditions of confinement claims for inadequate hygiene supplies and lack of recreational privileges, and the Fourteenth Amendment claim for lack of hygiene supplies. For their second summary judgment motion, Defendants checked the Prison's records and attached all forms submitted by Paladino between August 2010 and May 2011. Defendants observed that while Paladino filed forms regarding a lack of hygiene supplies and recreational privileges, the records established that Paladino did not appeal the Prison's responses to those forms. From this, Defendants argued that Paladino failed to exhaust those claims.

In opposing this documentary evidence, Paladino vaguely insisted that he "appealed numerous responses" that "vanished after being properly submitted and/or filed."[24] Nevertheless, as mentioned above, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment."[25] As such, we affirm the District Court's grant of summary judgment on these claims as well.

We now turn to the 2010 excessive force claim. Based on its review of the summary judgment record, the District Court held that Paladino failed to exhaust his 2010 excessive

---

[24] JA 1047–1048.

[25] *Kirleis*, 560 F.3d at 161 (citation omitted).

force claim. In so doing, the District Court found that, while Paladino filed forms for a number of issues, the records submitted by the Prison did not contain any forms relating to the alleged underlying assault.

We disagree with the District Court's assessment of the record evidence. Paladino's sworn deposition testimony—which the District Court did not consider—sets forth specific facts that contradict Defendants' evidence and establish a genuine issue of material fact regarding whether Paladino exhausted his 2010 excessive force claim. Specifically, at his deposition, Paladino asserted that he "submitted no less than six [] forms about [excessive force] [and], about wanting to be placed in some type of protective custody."[26] What's more, when asked during his deposition whether he submitted forms "specifically about this allegation of excessive force," Paladino responded "I remember they were about that, yes."[27]

Defendants characterize Paladino's testimony as a "self-serving" statement that cannot defeat summary judgment.[28] In support, Defendants cite *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, the only case the District Court cited on this point. However, *Kirleis* clearly held that self-serving affidavits pointing to specific facts can create a genuine issue of material fact sufficient to survive summary judgment.[29]

---

[26] JA 810.

[27] JA 810.

[28] Appellees' Br. at 13.

[29] *Kirleis*, 560 F.3d at 161–62.

12

If anything, *Kirleis* shows that the District Court erred in granting summary judgment on the 2010 excessive force claim. In *Kirleis*, we analyzed whether the plaintiff had agreed to arbitrate claims against her employer law firm.[30] The law firm argued that its bylaws mandated arbitration and that the plaintiff's "self-serving and conclusory" affidavit contending that she never received a copy of the bylaws was insufficient to defeat its motion to compel arbitration.[31] We disagreed and held that the affidavit was not conclusory—but rather created a genuine issue of material fact regarding the existence of an arbitration agreement—because it "detail[ed] the specific circumstances that rendered the formation of an agreement to arbitrate impossible."[32]

Similarly here, Paladino's sworn deposition testimony "set[s] forth specific facts that reveal a genuine issue of material fact" regarding whether he exhausted his 2010 excessive force claim.[33] Indeed, "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to

---

[30] *Id.* at 158.

[31] *Id.* at 161. While *Kirleis* involved a motion to compel arbitration, the standard for whether there is a genuine issue of material fact regarding the existence of an arbitration agreement is the same standard for a summary judgment motion. *Id.* at 159 n.3.

[32] *Id.*

[33] *Id.*

defeat summary judgment."[34]   This is true even where, as here, the information is self-serving.[35]

Moreover, "[i]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence."[36] Rather, "the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"[37] Here, while it is possible that Paladino misrepresented the facts when he testified that he filed forms regarding the alleged 2010 assault, it is equally possible that he did not. Indeed, it is not unheard of for a grievance form to be lost.[38]

---

[34] *Lupyan v. Corinthian Colleges, Inc.*, 761 F.3d 314, 320 (3d Cir. 2014).

[35] *See id.* at 321 n.2 (noting that while "the testimony of a litigant will almost always be self serving . . . that has never meant that a litigant's evidence must be categorically rejected by the fact finder").

[36] *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004); *see also Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) ("Summary judgment is inappropriate when a case will turn on credibility determinations.").

[37] *Marino*, 358 F.3d at 247 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

[38] *See, e.g.*, *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006) (addressing whether a prisoner exhausted his administrative remedies where a grievance was lost).

Altogether, given the conflict between the Prison's records and Paladino's deposition testimony, which created a genuine issue of material fact, the District Court erred in granting summary judgment on the 2010 excessive force claim. As such, we vacate this part of the March 2015 order.

## B.  Application of *Small*

While summary judgment was improper on the 2010 excessive force claim, the questions remains whether, as Paladino maintains, an evidentiary hearing was needed to resolve the factual dispute regarding whether Paladino exhausted that claim.

The District Court relied on *Small* "to resolve the [] factual disputes between [Paladino] and Defendants regarding whether [Paladino] properly exhausted" based on the paper record alone.[39]  In *Small*, a state prisoner filed a civil rights action against a correctional facility and prison officers.[40] After discovery, the defendants moved for summary judgment arguing that the plaintiff failed to exhaust.[41]  The District Court denied the motion and held a two-day evidentiary hearing on the issue of exhaustion.[42]  On appeal, we held that "the District Court did not err by acting as the fact finder because exhaustion constitutes a preliminary issue for which no right to a jury trial exists."[43]

---

[39] JA 58.

[40] *Small*, 728 F.3d at 267.

[41] *Id.*

[42] *Id.* at 267–68.

[43] *Id.* at 271.

*Small* clearly held that "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury."[44] However, while *Small* extolled the "two-day, painstakingly thorough" evidentiary hearing in that case, it left open the question of what baseline procedures are required when a district court undertakes to serve as the fact finder on the exhaustion issue.[45] From this, some district courts have interpreted *Small* as requiring an evidentiary hearing when exhaustion is in dispute, however, other district courts have resolved such disputes on the record alone.[46]

Against this context, we hold that some form of notice to the parties and an opportunity to respond are needed before a district court elects to resolve factual disputes regarding exhaustion under *Small*. While we leave the exact form of the notice and opportunity to respond required to the discretion of the district courts on a case-by-case basis, we emphasize two items. First, as to the notice required, a district court must—at a minimum—notify the parties that it

---

[44] *Id.*

[45] *Id.*

[46] *Compare Romero v. Ahsan*, No. 13-cv-7695, 2016 WL 7424486, at *9 (D.N.J. Dec. 22, 2016) (finding that an evidentiary hearing was needed "to resolve the factual disputes regarding Plaintiff's exhaustion of his administrative remedies"), *with Werner v. Sorbin*, No. 16-cv-1863, 2017 WL 3582382, at *3 (W.D. Pa. Aug. 18, 2017) (holding that while the exhaustion issue "normally entails an evidentiary hearing before the judge," disputed issues of fact could be resolved on the record).

will consider exhaustion in its role as a fact finder under *Small* before doing so. Second, with regard to the opportunity to respond, a full-scale evidentiary hearing (*i.e.* involving live testimony) is not required each time that a prisoner claims that he exhausted his administrative remedies. Surely some cases will need a full-scale hearing, however, we leave that to the discretion of the district courts. Nevertheless, before proceeding under *Small*, a district court must at least provide the parties with an opportunity to submit materials relevant to exhaustion that are not already before it.

Applying these principles to the present dispute, we conclude that the District Court erred by not providing notice and an opportunity to respond once it decided to weigh exhaustion under *Small*.

In so holding, we note that the main remaining factual issue is the discrepancy between the Prison's records and Paladino's sworn deposition testimony that he submitted at least six forms for his 2010 excessive force claim. Defendants argue that Paladino's testimony should be disbelieved because, while the Prison's records showed that he filed forms during the relevant period, there was no record that he submitted a form regarding the alleged underlying assault. In essence, Defendants maintain that, because the Prison's records contain other forms submitted by Paladino, the absence of any form for the 2010 excessive force claim is dispositive of the exhaustion issue and Paladino's testimony should be disbelieved. However, the success of this argument depends on the reliability of the Prison's recordkeeping

system.[47]   Here, the record is bereft of evidence that the Prison's recordkeeping system is reliable.   Without such evidence, we cannot determine if Defendants have met their burden to prove that Paladino "failed to exhaust *each* of his claims."[48]   Thus, if Defendants are unable to provide evidence showing the reliability of the Prison's recordkeeping on remand, then an evidentiary hearing may be warranted to resolve whether Paladino exhausted his administrative remedies on his 2010 excessive force claim.[49]

### III.   Conclusion

Accordingly, we affirm the June 2013 order, affirm in part and vacate in part the March 2015 order, and remand for further proceedings consistent with this opinion.

---

[47] We note, without passing judgment, that the Prison employs a paper-based record system, as opposed to an electronic system, for forms filed by inmates. *Cf. Dawson v. Cook*, 238 F. Supp. 3d 712, 719 (E.D. Pa. 2017) (finding that, despite deposition testimony to the contrary, there was "no basis . . . to conclude that Plaintiff submitted a grievance that was not recorded" because there was "no electronic record of the grievance" in the Philadelphia Prison System's electronic system).

[48] *Small*, 728 F.3d at 269 (emphasis in original).

[49] Paladino is correct that an inmate, who did not receive a response to a grievance he submitted, may not have had the Prison's grievance process available to him, and is therefore excused from the exhaustion requirement.   However, we cannot determine whether the grievance process was available to Paladino based on the current record.