**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2049
_____

THERMUTHIS LEE,
                                        Appellant

v.

KMART
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2-16-cv-02011)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1
August 3, 2018
Before:  SHWARTZ, KRAUSE, and FUENTES, Circuit Judges

(Opinion filed: August 10, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Thermuthis Lee, proceeding pro se, appeals an order of the United States District

Court for Eastern District of Pennsylvania granting summary judgment in favor of Kmart

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Corporation in her employment discrimination action. For the reasons that follow, we will affirm the judgment of the District Court.

The record reflects that Lee worked part-time for Kmart as a cashier from approximately 2007 to 2012. Thereafter, Lee suffered from health issues requiring kidney dialysis treatment. In 2014, Lee sought to return to work and applied for a part-time cashier position at a different Kmart store.[1] Lee stated in her application that she could work twenty to twenty-nine hours per week. She also stated that she could work on Saturdays and Sundays from 2:00 p.m. to 6:00 p.m. and Tuesdays and Thursdays from 10:00 a.m. to 2:00 p.m., and that she could not work on Mondays, Wednesdays, and Fridays. Lee called Kmart about her application and Eliza Woodson, a Human Resources employee, scheduled her for an interview.

The interview did not go well. Woodson provided an affidavit stating that Lee insisted that she should be hired because she had worked for Kmart before. Woodson stated that Lee had a bad attitude and that she believed that she would not interact well with customers. Woodson also stated that she asked Lee if she had any additional availability, that Lee told her that she was only available during the hours identified in her application, and that Lee said she could not work on the days that she received dialysis. According to Woodson, Lee did not explain why her availability on other days

---

[1]The details of Lee's prior employment are not relevant as there is no evidence that they were a factor in Kmart's subsequent hiring decision.

2

was limited to defined, four-hour time frames. Woodson stated that she did not pursue Lee further based on the interview and because there were other candidates with open availability during the store's twelve to thirteen hours of daily operation.

Lee testified at her deposition that Woodson became angry with her when she called to schedule an interview because Lee had interrupted another telephone call. She stated that the tone of the interview was negative. Lee testified that she told Woodson that she has a medical condition, that she needed "to be able to work around these days and times," but that she could change the schedule she had provided. See 1/5/17 Trans. at 93. Lee also said that she told Woodson that the on-line application required that she specify times that she could work and that she put in the times that she did in order to advance to the next question. Although her testimony is not entirely clear, Lee appears to state that she told Woodson that she could not commit to working on the days that she had dialysis (Mondays, Wednesdays, and Fridays) but that she might be able to change her treatment days. Lee stated that she asked for a flexible schedule, but Woodson told her that there were other candidates who had more availability.

After Lee learned that she did not get the job, she filed a charge of disability discrimination with the Equal Employment Opportunity Commission. The EEOC dismissed the charge.[2] Lee filed a complaint in Pennsylvania state court against Kmart

---

[2]Lee also reported her discrimination claim to Kmart's human resources consulting service. An investigation was conducted and subsequently closed.

for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and Kmart removed the case to District Court. Following discovery, the District Court granted summary judgment in favor of Kmart. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000).

As recognized by the District Court, to the extent Lee claims disparate treatment on account of her disability based on Kmart's decision not to hire her, the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies. Shaner, 204 F.3d at 500. Lee must establish a prima facie case of discrimination by showing that she is disabled, that she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodations, and that she has suffered an adverse employment decision as a result of discrimination. Id. The burden then shifts to Kmart to articulate a legitimate, nondiscriminatory reason for not hiring Lee. Id. Lee must then show that the reason offered was a pretext for discrimination. Id.

The District Court concluded that, even if Lee was qualified and established a prima facie case, there is not an issue of fact as to whether the reasons Kmart advanced for not hiring her – her limited availability and poor interview – were a pretext for discrimination. We agree. Woodson stated that Kmart sought candidates with a wide range of availability to cover the hours that the store operated. Other candidates stated on their applications that they were available anytime. Lee testified that she told Woodson that the hours she had stated she was available could be changed and she argues on appeal that her application reflects that she could work between twenty and twenty-nine

4

hours per week. But there is no evidence from which a juror would disbelieve that Lee's lesser availability compared to other candidates was a reason Woodson did not wish to hire her. See Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (pretext may be shown with evidence from which a fact finder could reasonably disbelieve the employer's reason). Also, while the parties may dispute why the interview did not go well, it is undisputed that it was not a good interview.

There is also no evidence from which a juror could reasonably believe that "an invidious discriminatory reason was more likely than not a motivating or determinative cause" for Woodson's decision. See id. To the contrary, Lee stated at her deposition that Woodson did not give her any reason to believe that the way she was treating her was because she had a disability. Woodson attested that her brother had kidney dialysis and that she would not have disqualified a candidate on this basis. Lee argues on appeal that Woodson failed to acknowledge in her affidavit and concealed that she had submitted an earlier application for a cashier position, but the relevance of that application is unclear as Woodson does not appear to have received it and she interviewed Lee after she submitted the second application.

The District Court also granted summary judgment to the extent Lee claims that Kmart failed to accommodate her disability. Under the ADA, discrimination includes "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an applicant . . ., unless [the employer] can demonstrate that the accommodation would impose an undue hardship

5

. . . ." 42 U.S.C. § 12112(b)(5)(A).[3] While reasonable accommodations include modified work schedules, id. § 12111(9), Lee was required to make a prima facie showing that her proposed accommodation is possible. Turner v. Hershey Chocolate USA, 440 F.3d 604, 614 (3d Cir. 2006). The burden then shifts to Kmart to prove that the accommodation is unreasonable. Id.

We agree with the District Court that Lee did not meet her initial burden. Lee sought a flexible schedule as an accommodation. The District Court noted, and the record reflects, that Lee stated that she told Woodson that she could work hours other than those set forth on her application, but she did not define what those hours were. Lee's testimony suggests that at the time of the interview she did not yet know when she would be able to work because she was just starting dialysis. See 1/5/17 Trans. at 104-06. She admitted in her response in opposition to the summary judgment motion that she did not then know how much she would be able to do. Resp. at 16. Lee's proposed accommodation of a flexible schedule was "clearly ineffective" and summary judgment was warranted. See Walton v. Mental Health Ass'n of Southeastern Pa., 168 F.3d 661, 670 (3d Cir. 1999).

To the extent Lee claims that Kmart failed to engage in good faith in the interactive process and assist in seeking an accommodation, her deposition testimony raises a factual issue as to whether she asked Woodson for an accommodation. See

---

[3]A "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8). Because the issue of the existence of a reasonable accommodation is dispositive, we do not address whether Lee was "qualified."

6

Paladino v. Newsome, 885 F.3d 203, 209 (3d Cir. 2018) (deposition testimony setting

forth facts that contradicted the defendants' evidence established a genuine issue of

material fact). Summary judgment, however, was still warranted because, as above, there

is insufficient evidence showing that Lee could have been reasonably accommodated.

See Colwell v. Rite Aid Corp., 602 F.3d 495, 504 (3d Cir. 2010) (setting forth showing

required to establish employer failed to engage in the interactive process).

Lee argues on appeal that the District Court failed to consider the exhibits to her

response to Kmart's summary judgment motion, which are not included in the record.

Lee has not shown that the exhibits preclude summary judgment. Some of the exhibits,

for example, show that Lee was recognized for excellent customer service, but the

District Court did not decide whether Lee was qualified for the position. Lee also argues

that Kmart did not file her entire deposition transcript in District Court, but she did not

present this argument below and it is not properly before us.

Accordingly, we will affirm the judgment of the District Court.[4]

---

[4]Lee states in her brief that she is appealing a Clerk's Order providing that this appeal
will not be considered for dismissal pursuant to 28 U.S.C. § 1915(e)(2) or summary
action. Lee does not explain why she seeks review of the order and we do not consider it.