CLD-284                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1825
_____

JEREMY NED,
                                        Appellant

v.

J. KARDIN, Asst. Warden; S. ECKENRODE, Officer; J. MILLER, Lieutenant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-00251)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 19, 2019

Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: October 11, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Jeremy Ned appeals the District Court's order granting summary judgment to the defendants. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

At the time at issue in this case, Ned was a prisoner confined at FCI Loretto. In his complaint, he alleged that, on September 10, 2014, he told Officer S. Eckenrode that his cellmate was trying to sexually assault him and that he needed to be moved to a different cell. He claimed that the next day, he made the same report to Lieutenant J. Miller and Assistant Warden J. Randin. However, none of the three prison employees took any action, and early in the morning on September 12, 2014, his cellmate attacked him. In his complaint, Ned alleged that these three individuals failed to protect him in violation of his rights under the Eighth Amendment.

The defendants filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 30. Ned filed a cross-motion for summary judgment and a brief in response to the defendants' motion. ECF Nos. 33–34. Critically, in his brief, Ned drastically changed his allegations. He expressly denied ever telling the defendants "anything about sexual assault" or "that he had been threatened," now claiming that he had told the defendants only that he and his cellmate "were not getting along and I'd like

to be moved." ECF No. 34 at 4–5.[1]  Adopting a Magistrate Judge's report and recommendation, the District Court granted summary judgment to the defendants.  The Court observed that, because Ned had abandoned his allegation that he had told the officers he had been threatened with sexual assault, "the only evidence before the fact [of the attack] . . . is that there was a claim that two cellmates were not getting along."  ECF No. 39 at 2.  This, the Court concluded, was "insufficient to show genuine disputes of fact that a substantial risk of serious harm existed or that any defendant drew the inference that such a risk existed."  Id.  Ned filed a timely notice of appeal, and has filed a motion for appointment of counsel in this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the grant of summary judgment de novo, applying the same standard as the District Court.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).  Summary judgment is proper if, viewing the record in the light most favorable to Ned, there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law.  See Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

We agree with the District Court's analysis of this case.  At the outset, both parties requested summary judgment, so it was permissible for the District Court to resolve the case under that standard (as opposed to the motion-to-dismiss standard).  See Hilfirty v. Shipman, 91 F.3d 573, 578–79 (3d Cir. 1996).  The District Court was also entitled to

---

[1] This is the same way that Ned described his report to officers in his administrative proceedings.  See ECF No. 34-2 at 2.

3

credit the version of events that Ned stated in his brief rather than his complaint. See Windham v. Harris Cty., 875 F.3d 229, 233 n.3 (5th Cir. 2017) ("Admissions in the brief of the party opposing the motion for summary judgment may be used in determining that there is no genuine dispute as to any material fact." (alterations omitted) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2723 (4th ed. updated Apr. 2017)); Woods v. City of Chi., 234 F.3d 979, 989 (7th Cir. 2000).

Under these circumstances, the District Court correctly held that the defendants were entitled to summary judgment. A prison official cannot be found liable under the Eighth Amendment for failing to protect a prisoner "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, Ned merely told the prison officials that he was not getting along with his cellmate and asked to be moved. This is the type of "out-of-the-blue and unadorned 'I'm-in-trouble' entreaty" that this Court has deemed inadequate to sustain an Eighth Amendment claim. Bistrian v. Levi, 696 F.3d 352, 369–70 (3d Cir. 2012); see also Butera v. Cottey, 285 F.3d 601, 606 (7th Cir. 2002) (ruling that a prisoner's report to jail personnel that he was "having problems in the block" and "needed to be removed" was

insufficient to establish deliberate indifference (alteration omitted)).[2]  The District Court

therefore did not err in granting summary judgment to the defendants.[3]

Accordingly, we will summarily affirm the District Court's judgment.  Ned's

motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d

Cir. 1993).

---

[2] Ned also stated in his brief that his cellmate had a "history of not getting along with other inmates and assault," ECF No. 34 at 2, but he failed to elaborate that allegation in any meaningful way.  See generally Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018) (explaining that conclusory statements are insufficient to withstand summary judgment).

[3] In his complaint, Ned also raised a claim under 42 U.S.C. § 1985, but in response to the defendants' motion for summary judgment, he failed altogether to show any conspiracy between the defendants.  See generally Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).