**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2338
_____

KAREEM HASSAN MILLHOUSE,
                                        Appellant

v.

SUZANNE HEATH; JAMES FOSNOT; DAVID EBBERT;
B. TAGGERT; THOMAS D. McGEE; TERRY O'BRIEN;
UNITED STATES FEDERAL BUREAU OF PRISONS;
M. BOYD; W. ODOM; GOOD, Correction Officer;
C.O. NADIYA; J. RITZ, Correction Officer;
UNITED STATES OF AMERICA;
RYAN SMITH, Case Manager; ROBERT MARR, Counselor;
BURCHETT, SIA; GRIM, SIS., Lt.; CANFIELD, SIS., Lt.;
J. GILLY, Captain; C. BENNETT, Counselor; DANIEL KNAPP, SIS.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:15-cv-01400)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 12, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: May 29, 2020)
_____

_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Kareem Millhouse appeals the District Court's order granting summary judgment to the defendants. For the reasons discussed below, we will affirm in part, vacate in part, and remand for further proceedings.

During the time at issue in this case, Millhouse was incarcerated at USP Lewisburg. In his operative amended complaint, he alleged that he was continually in danger in the prison because other inmates believed that he was a "rat" and a "rapist." Amended Complaint, D.C. Dkt. No. 113, at 2. He claimed that rather than protecting him other inmates, prison personnel at Lewisburg intentionally assigned him violent cellmates. He alleged that he was attacked by different cellmates on three occasions. He raised claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against numerous prison employees, claiming that they violated his Eighth Amendment rights by failing to protect him. A magistrate judge recommended that the District Court dismiss many of the claims, see Nov. 9, 2017 Report & Recommendation, D.C. Dkt. No. 154, and

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

the District Court approved and adopted that report and recommendation, see D.C. Dkt. No. 164.

The remaining defendants then filed a motion for summary judgment, arguing that Millhouse had failed to exhaust his administrative remedies. The magistrate judge recommended that the court grant the motion, concluding that while Millhouse had filed ten administrative remedy requests concerning his safety, each was deficient in some way. See Jan. 31, 2019 Report & Recommendation, D.C. Dkt. No. 214. More specifically, the magistrate judge determined that Millhouse had not appealed request numbers 853438, 864493, 836688, and 831284 all the way through the administrative system; that he had not included the proper forms with request number 772987; and that he had failed to attempt the required informal resolution before filing request numbers 805972, 809783, 824345, and 835645.[1] The District Court approved and adopted this report and recommendation, see D.C. Dkt. No. 233, and Millhouse filed a timely notice of appeal. In this Court, he has also filed a motion for appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, applying the same standard as the District Court. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if, viewing the record in the light most favorable to [Millhouse], there is no genuine issue of

---

[1] Millhouse filed one other potentially relevant administrative remedy request, number 859968. He did fully exhaust this request. But the defendants argued that he did not file this request until after he filed his complaint, and that exhaustion had to be completed before filing the federal action. The magistrate judge concluded that Millhouse had waived any challenge to this argument by failing to respond to it, see Jan. 31, 2019 Report & Recommendation 5 n.5, and Millhouse has not challenged that ruling here.

3

material fact and [the defendants] [are] entitled to judgment as a matter of law. <u>Fakete v. Aetna, Inc.</u>, 308 F.3d 335, 337 (3d Cir. 2002) (citing Fed. R. Civ. P. 56(c)).

The Prison Litigation Reform Act's (PLRA's) exhaustion requirement provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Here, this required Millhouse (1) to attempt an informal resolution with staff; (2) to file a formal written administrative remedy request with the prison; (3) to file an appeal to the appropriate Bureau of Prisons Regional Director; and (4) to file another appeal to the Bureau's General Counsel. <u>Rinaldi v. United States</u>, 904 F.3d 257, 265 (3d Cir. 2018) (citing 28 C.F.R. §§ 542.13(a), .14(c), .15(a)). The PLRA "requires only 'proper exhaustion,' meaning exhaustion of those administrative remedies that are 'available.'" <u>Id.</u> at 266 (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006)). An administrative remedy is not available "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1859 (2016).

Millhouse argues that administrative remedies were unavailable to him because defendant Robert Marr, a prison counselor, refused to respond to his numerous attempts at informal resolution.[2] This argument implicates request numbers 805972, 809783, 824345, and

---

[2] The defendants argue that we should deem all of Millhouse's claims waived because he has not adequately presented the issues he seeks to raise in his opening brief. We do agree with the defendants that Millhouse has not challenged the majority of the District Court's rulings in any way, and we will not address those rulings. See <u>Laborers' Int'l Union of N.</u>

4

835645. The defendants' records reveal that the prison rejected each of these requests due to Millhouse's failure to first seek informal resolution. Millhouse did not appeal the decisions in request numbers 805972 or 82345. He did appeal the decisions in request numbers 809783 and 835645; in those cases, the Regional Office and the Central Office agreed with the prison's rationale and directed Millhouse to refile at the prison level.

Millhouse presented a variety of documents to support his contention that, notwithstanding the prison's records, he had attempted informal resolution, only to be ignored by Marr. For instance, he filed copies of "inmate request to staff" forms from August 2014, July 2015, and August 2015 in which he claimed that he had attempted informal resolution but received no response. See Plaintiff's Counterstatement of Facts, D.C. Dkt. No. 182, at 4–6. He also provided a copy of a letter he wrote to the warden in February 2015, complaining that his administrative remedy requests kept being denied for failure to attempt informal resolution even though this was because Marr refused to respond to him. See id. at 10. Millhouse also filed a copy of an administrative remedy request in which he alleged that Marr had repeatedly ignored his efforts at resolution. See id. at 7.[3] In addition, in his

Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'" (alteration in original) (quoting Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (opinion of Becker, J.))); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Nevertheless, by arguing that his "exhibits proved that [he] was hindered from properly exhausting [his] remedies," Appellant's Br. 4, we conclude that Millhouse has adequately presented this argument.

[3] It appears that this was request number 853438. See D.C. Dkt. No. 73-1, at 17. The defendants report that "the institution closed th[is] remedy with an explanation." D.C. Dkt.

counterstatement of facts, he objected to the defendants' assertion that he had not exhausted request numbers 805972, 809783, 824345, and 835645, contending that he had attempted informal resolution but never received a response. See Plaintiff's Counterstatement of Facts 1–2.

The District Court concluded that the defendants were nonetheless entitled to summary judgment as to these request numbers because Millhouse "d[id] not dispute that he failed to see these administrative remedies through to their proper exhaustion," and because, pursuant to 28 C.F.R. § 542.18, "a non-response on an administrative remedy should be construed as a denial of said remedy." Jan. 31, 2019 Report & Recommendation 11 n.9. However, in the circumstances present here, we conclude that the District Court erred in granting summary judgment to the defendants.

First, accepting Millhouse's factual account (as we must at this stage, see Paladino v. Newsome, 885 F.3d 203, 209–10 (3d Cir. 2018)), he fully discharged the exhaustion requirement when Marr failed to respond to his requests for informal resolution. See Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019) ("[A]s soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement."); Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016) (discussing with approval a case "in which the Eighth Circuit held that an inmate was not required to file a grievance in order to exhaust

---

No. 178-1, at 3–4.

administrative remedies when the prison failed to respond to an informal review request that was a prerequisite to his ability to file a grievance" (citing Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001))). The fact that Millhouse twice appealed to the Regional Director and General Counsel and was told to refile at the prison level does not change this conclusion. See Shifflett, 934 F.3d at 366 (explaining that a prisoner's efforts "to continue working through the prison's internal system in good faith did not waive or negate his successful exhaustion of remedies as required by the PLRA").

Nor does the regulatory presumption that a non-response acts as a denial, see 28 C.F.R. § 542.18, apply to informal resolution. That regulatory presumption governs filed remedy requests and related appeals—not informal resolution efforts with staff, see id. § 542.13. On this record, therefore, Marr's non-response is just that—a non-response, as opposed to a denial of an informal request that would trigger additional exhaustion obligations. Accordingly, the District Court erred in granting summary judgment to the defendants with respect to request numbers 805972, 809783, 824345, and 835645.[4]

We will therefore vacate the District Court's judgment with respect to these four administrative remedy requests, affirm in all other respects, and remand for further proceedings consistent with this opinion. We deny Millhouse's motion for appointment of counsel without prejudice to his refiling the motion in the District Court.

---

[4] We express no opinion as to whether Millhouse's allegations concerning Marr's refusal to respond are accurate. See Paladino, 885 F.3d at 210–11 (providing that district courts may resolve factual disputes concerning exhaustion after providing appropriate notice to the parties).