**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3288
_____

ARMONI MASUD JOHNSON,
Appellant

v.

SUPERINTENDENT THOMAS MCGINLEY; CAPTAIN BURNS; TRACY
BROKENSHIRE, Mailroom Supervisor; COAL TOWNSHIP SCI; SERGEANT
ADAMS; RUEL HUGHES; LT. PETERS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-18-cv-01714)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2023
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: September 1, 2023)

_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Plaintiff-Appellant Armoni Johnson appeals from the District Court's adverse judgment in this pro se civil rights action against correctional officers at State Correctional Institution-Coal Township. We will affirm.

I.[1]

In April 2020 Johnson filed an amended complaint (which he later supplemented) raising claims arising under 42 U.S.C. § 1983 against correctional officers at SCI-Coal Township. In his amended complaint, Johnson alleged that the prison officials had impeded his access to courts by depriving him of his legal mail, placed him in the restrictive housing unit (RHU) in retaliation for filing grievances, and conspired with each other to issue a false misconduct or report about him. The prison officials filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The District Court granted that motion as to the access-to-courts claim, granted it as to the retaliation and conspiracy claims against Officer Peters with leave to file a supplement re-alleging those claims against that officer, and denied the motion as to the conspiracy and retaliation claims raised against the other prison officials. Johnson then filed a supplement concerning the claims specified by the District Court.

After discovery, the prison officials filed a motion for summary judgment, arguing that Johnson's retaliation and conspiracy claims were barred by the statute of limitations

---

[1] We write primarily for the benefit of the parties who are familiar with the facts and procedural history of this action. Accordingly, we set forth only the facts necessary to the disposition of this appeal.

for a § 1983 action and that Johnson had failed to exhaust his administrative remedies.

The District Court granted judgment in favor of the prison officials for those reasons.

Johnson's timely appeal followed.[2]

II.

At the outset, we note that Johnson's appellate brief and other filings in this Court are difficult to follow. His arguments are vague, it is difficult to identify which issues he seeks to raise on appeal, and we are unable to discern where his brief ends and his exhibits begin. Accordingly, Johnson has arguably forfeited all review. See Higgins v. Bayada Home Health Care Inc., 62 F.4th 755, 763 (3d Cir. 2023); see also Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) (refusing to "consider ill-developed arguments or those not properly raised and discussed in the appellate briefing"). However, we will address his claims as identified by the District Court.

We agree with the District Court's disposition of Johnson's claims. The District Court properly dismissed Johnson's access-to-courts claim for failure to state a claim for

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), see St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020), and over a District Court's order granting summary judgment, see Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is warranted if defendants show "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

relief. Johnson alleged that a report and recommendation for an ongoing civil action[3] had been delivered to him at SCI-Coal Township, but he did not receive a copy of that report because it had been delivered while he was temporarily incarcerated at Lycoming County. The deprivation of access to that report, however, did not cause Johnson the requisite "actual injury" required to support his claim. Lewis v. Casey, 518 U.S. 343, 349 (1996). The District Court in the Koehler action considered Johnson's timely filed motion for reconsideration under Fed. R. Civ. P. 59(e), and noted that under any standard of review (clear error or de novo) and regardless of whether the filing was treated as a Rule 59(e) motion or objections to the report and recommendation, Johnson was not entitled to relief because his claims arising under § 1983 were barred by Heck v. Humphrey, 512 U.S. 477 (1994).[4] See Koehler, 3:14-CV-01490, at ECF No. 44 at 7-10; ECF No. 50 at 4 n.2. Thus, Johnson failed to demonstrate that he lost a chance to pursue an arguable claim. See Rivera v. Monko, 37 F.4th 909, 915 (3d Cir. 2022).

The District Court also properly determined that Johnson had failed to exhaust his administrative remedies for his retaliation and conspiracy claims. Before bringing a § 1983 action, a prisoner must properly exhaust his administrative remedies by following the applicable prison regulations and policies. See 42 U.S.C. § 1997e(a); Woodford v.

---

[3] That civil action was Johnson v. Koehler, M.D. Pa. Civ. No. 3:14-CV-01490.

[4] To the extent that Johnson raises a judicial bias claim based on the District Court's adverse decisions, see C.A. No. 18 at 21, we agree with the District Court that such a claim is meritless. See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

4

Ngo, 548 U.S. 81, 83 (2006).  The Pennsylvania Department of Corrections requires three stages of review to exhaust administrative remedies; this includes submitting an initial written grievance, filing an appeal to the Facility Manager, and submitting a final written appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA).  See generally ECF No. 106-4 at 9-20.  Exhaustion can be excused if administrative remedies are "unavailable" to a prisoner, including in circumstances where the grievance procedure is a dead end or its use is thwarted by intimidation from correctional officers.  See Ross v. Blake, 578 U.S. 632, 643-44 (2016); Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019).

Johnson filed two grievances relating to the alleged conspiracy and retaliation.[5] The undisputed evidence demonstrates that Johnson failed to pursue a final appeal from the Facility Manager to the SOIGA.  To overcome his failure to exhaust, Johnson contended that a SOIGA appeal would have been futile because his prior final-stage grievances generally went unanswered, see ECF No. 113 at ¶ 5, and that his placement in the RHU prevented him from exhausting, id.; see also C.A. No. 18 at 6.  Johnson has not satisfied his burden to demonstrate that exhaustion was unavailable.  See Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018).

---

[5]  In Grievance No. 724974, Johnson challenged Officer Peters's decision to place him in the RHU in alleged retaliation for expressing his intent to file a grievance against another correctional officer.  See ECF No. 124-14 at 9.  In Grievance No. 724981, Johnson contended that a prison official had confiscated a habeas petition that he (Johnson) had been holding for another inmate.  See ECF No. 124-3 at 6.

First, Johnson has only vaguely claimed that while he appealed grievances internally, his external grievances (which include appeals to the SOIGA),[6] ordinarily went unanswered.  See ECF No. 113 at ¶ 5.  His conclusory assertions, devoid of examples of specific grievances that allegedly went unanswered or any details whatsoever to support this claim, are insufficient to create a genuine dispute of fact concerning the availability of administrative remedies.  See Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018).

Second, Johnson seemed to argue that his placement in the RHU deterred him from properly exhausting his administrative remedies.  However, Johnson capably filed a grievance and an appeal to the Facility Manager while incarcerated in the RHU, see ECF No. 124-14 at 4, 9, and offered no explanation as to why he could not also file a SOIGA appeal from the RHU.  On this record, no reasonable finder of fact could infer that Johnson's RHU placement deterred him from pursuing a SOIGA appeal.  See Rinaldi, 904 F.3d at 269 (noting that "[e]vidence that an inmate continued to file substantially similar claims through the same grievance process" may undercut an inmate's deterrence argument).[7]

---

[6]  The prison regulations state that each SOIGA appeal must be addressed to the SOIGA's office in Mechanicsburg, Pennsylvania.  See ECF No. 106-4 at 20.

[7]  Because we agree with the District Court's failure-to-exhaust ruling, we need not address the District Court's alternative conclusion that the claims were barred by the statute of limitations.

For these reasons, we will affirm the District Court's judgment.[8]



[8] Johnson has also filed a "motion of relevance," C.A. No. 19, and a supplement, C.A. No. 21, in which he raises further objections to the District Court's orders. These motions are denied.