CLD-001                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1560
_____

WILLIAM HAROLD WRIGHT, JR.,
Appellant

v.

CMC ALLEN; COUNSELOR EZZOLO; CASE MANAGER GABRIEL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Action No. 1-22-cv-00150)
Magistrate Judge: Honorable Richard A. Lanzillo
_____

Submitted on Appellees' Motion for Summary Action Pursuant to Third Circuit L.A.R.
27.4 and I.O.P. 10.6, or for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
October 3, 2024

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: October 29, 2024)
_____

OPINION[*]
_____

PER CURIAM

Pro se Appellant William Harold Wright, Jr., a federal prisoner proceeding in

forma pauperis, appeals from the District Court's judgment in favor of the Appellees in

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

this <u>Bivens</u> action.  The Appellees have filed a motion for summary affirmance of the District Court's order.  For the reasons that follow, we grant the Appellees' motion.

I.

In 2022, Wright filed a complaint against three federal employees at FCI-McKean, where Wright was previously incarcerated.  In his operative second-amended complaint, Wright alleged that his Federal Bureau of Prisons ("BOP") record contains an erroneous sex offender public safety factor ("PSF") classification, and that the defendants have denied his requests remove the PSF.  Wright brought <u>Bivens</u> claims against the defendants based on the alleged violations of BOP policy and his Fifth Amendment right to due process.  See <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).  Wright further alleged that the defendants' conduct caused him to suffer damages including mental distress and slander to his name.

The defendants filed a motion to dismiss, or, in the alternative, for summary judgment, on many grounds, including that Wright failed to exhaust available administrative remedies.  After providing notice and an opportunity to respond, <u>see</u> <u>Paladino v. Newsome</u>, 885 F.3d 203, 211 (3d Cir. 2018), the District Court[1] granted the motion and entered a judgment in favor of the defendants.  This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291.  "We exercise plenary review over a district court's order of summary judgment."  <u>Kaucher v. County of Bucks</u>, 455 F.3d 418,

---

[1] The term "District Court" in this case refers to the magistrate judge proceeding with the consent of the parties.

2

422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23. We also exercise plenary review over dismissals for lack of subject-matter jurisdiction. See In re Avena, 92 F.4th 473, 478 (3d Cir. 2024). We may summarily affirm a district court's order on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

### III.

The Prison Litigation Reform Act prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This requirement applies to federal prisoners, like Wright, seeking relief through a Bivens action. See Nyhuis v. Reno, 204 F.3d 65, 68–70 (3d Cir. 2000). Under the relevant BOP regulations, an inmate is generally required to attempt an informal resolution with staff, then file a formal complaint, and then file appeals to the General Counsel and Regional Director. See Rinaldi v. United States, 904 F.3d 257, 265 (3d Cir. 2018) (discussing BOP administrative remedies under 28 C.F.R. §§ 542.13–.18).

Here, we agree with the District Court's determination that Wright failed to exhaust available administrative remedies for his Bivens claims. Wright acknowledged that he pursued only informal resolution of the PSF issue with staff. The record shows

3

that Wright received a written response to his request for informal resolution, and that he never filed a formal complaint or appeal of the PSF issue. Wright maintains that he did not pursue those remedies because the defendants did not remove the PSF designation when asked. Thus, Wright argues that the BOP is unlikely to look favorably upon his challenges to the PSF designation, and that the BOP administrative remedies are therefore unavailable to him.

Under these circumstances, the District Court properly granted summary judgment to the defendants because Wright failed to set forth sufficient evidence for a reasonable factfinder to conclude that the BOP's administrative remedies were unavailable to him. See Rinaldi, 904 F.3d at 266 (discussing circumstances when an administrative remedy is not "available"); Paladino, 885 F.3d at 211 (holding that vague and conclusory claims of interference were insufficient to meet exhaustion requirement).[2]

Accordingly, we will affirm the judgment of the District Court.[3]

---

[2] To the extent that Wright's operative second-amended complaint can be construed as bringing claims under the Federal Tort Claims Act, failure to exhaust defeats them, too. See, e.g., Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

[3] In light of our disposition, we deny Wright's motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). We grant Wright's motion to exceed the page limit for his memorandum in support of the appeal.