**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1809
_____

ORLANDO BAEZ,
                              Appellant

v.

DR. BYUNGHAK JIN; DR. MIN HI PARK; DR. PAUL DASCANI;
DR. LAURENCE ALPERT; ESTHER MATTES; ELDON MWAURA;
DR. ROBERT VALLEY; RICK FRASER; SGT. TERRY HAROUSE;
LT. SCOTT GEORGE; CO. ANGEL BROWN; CO. ROBERT DERRY;
JOHN/JANE DOES, sued in their official and individual capacities; LOUIS KING
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-01375)
District Judge:  Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2022
Before:  RESTREPO, PHIPPS and COWEN, Circuit Judges

(Opinion filed: March 9, 2022)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Orlando Baez, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order denying reconsideration of an order granting summary judgment to the defendants. We will affirm the District Court's judgment.

I.

In September 2017, Baez filed a civil rights action in state court pursuant to 42 U.S.C. § 1983 against various officials and medical providers at the State Correctional Institution – Greene in Pennsylvania. The defendants removed the action to the District Court, and Baez later filed the operative third amended complaint against CO Angel Brown, CO Robert Derry, RN Rick Frazer, Lt. Scott George, Sgt. Terry Harouse, RN Louis King (the "Corrections Defendants"), Dr. Laurence Alpert, Dr. Byunghak Jin, Dr. Min Hi Park, Dr. Paul Dascani, PA Esther Mattes, PA Eldon Mwaura (the "Medical Defendants"), and Dr. Robert Valley. Baez, who suffers from various chronic and serious medical issues, alleged that all defendants retaliated against him, in violation of the First Amendment, for filing various complaints, grievances, lawsuits, and sick call slips by ignoring his complaints and providing him with inadequate medical care. He sought money damages.

The Corrections Defendants filed a partial motion to dismiss the third amended complaint, contending that Baez failed to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment. The Medical Defendants also

2

moved to dismiss, arguing that Baez failed to state a claim of retaliation. With respect to the Corrections Defendants' motion, the Magistrate Judge noted that the third amended complaint did not raise an Eighth Amendment claim, but rather only made claims of retaliation. However, to ensure that the record was clear regarding Baez's remaining claims, the Magistrate Judge recommended granting the Corrections Defendants' partial motion to dismiss. The Magistrate Judge also recommended denying the Medical Defendants' motion. The District Court adopted both recommendations, and the parties proceeded to discovery.

The Corrections Defendants, Medical Defendants, and Dr. Valley each eventually moved for summary judgment. Over Baez's objections, the District Court adopted the Magistrate Judge's recommendation to grant the motions and entered final judgment in favor of the defendants.[1] Baez subsequently filed a motion to stay proceedings to allow for further discovery, which the District Court construed as a motion for reconsideration and denied. Baez appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Because Baez's appeal from the denial of his motion for reconsideration "brings up the underlying judgment for

---

[1] Because the District Court adopted the Report and Recommendation, we will refer to the reasoning therein as the reasoning of the District Court throughout this opinion.

[2] Dr. Valley and the Corrections Defendants contend that the District Court erred in construing Baez's motion to stay as a motion for reconsideration. Thus, they argue that

3

review," we will review the District Court's summary judgment order as well as its order denying the motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992).[3] We exercise plenary review over the District Court's summary judgment ruling. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (citation omitted); see also Fed. R. Civ. P. 56(a). We review the denial of a motion for reconsideration for abuse of discretion. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

---

the motion did not toll the time for Baez to appeal under Federal Rule of Appellate Procedure 4(a)(4), and that his appeal is therefore untimely. However, because a pro se pleading "will be judged by its substance rather than according to its form or label," Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (citation omitted), Baez's motion may be fairly construed as one for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b), cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (reasoning that pro se filings should be construed liberally). Because the motion was filed within 28 days of the order granting the motions for summary judgment, it tolled Baez's time to appeal, and his notice of appeal was timely filed. See Fed. R. App. P. 4(a)(1)(A) & (a)(4).

[3] On appeal, Baez challenges the District Court's decisions granting summary judgment to the defendants and denying reconsideration. He does not challenge the earlier order granting the Corrections Defendants' partial motion to dismiss, nor does he appear to challenge any other orders of the District Court, so we do not consider them. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

4

III.

Baez argues that essentially all medical care provided by the defendants was inadequate in retaliation for his constitutionally protected conduct, and that the non-medical Corrections Defendants engaged in retaliation by failing to adequately assist him when he sought medical care. For example, with respect to the Corrections Defendants, Baez claims that King incorrectly changed his catheter on November 17, 2016; that Harouse, George, Derry, and Brown failed to adequately address Baez's complaints of pain and bleeding for six hours thereafter; and that Frazer's subsequent removal of the catheter resulted in uncontrollable bleeding, leading to Baez's admission to a local emergency room. With respect to the Medical Defendants and Dr. Valley, Baez contends that they improperly treated his subcutaneous skin lupus by providing him with skin creams that were ineffective and refusing to prescribe the cream of his choice. He also argues that various defendants inadequately treated a 2015 circumcision wound after his stitches became loose, that Dr. Valley was involved in the inadequate treatment of his incorrectly inserted catheter, and that the Medical Defendants and Dr. Valley contributed to and failed to treat fractured ribs he incurred in 2016.

A prisoner alleging retaliation must show: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor" in the officials' decisions. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (citing Rauser v. Horn,

5

241 F.3d 330, 333-34 (3d Cir. 2001)).[4] With respect to the second element, "[a]n adverse consequence . . . need only be 'more than *de minimis*'" to be actionable. Id. at 423 (quoting McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006)). And a prisoner "can establish the third element . . . with evidence of: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Id. at 424. We agree with the District Court that Baez failed to make the required showing.

With respect to the Corrections Defendants, Baez pointed in the District Court to issues such as whether his catheter was inserted correctly, whether he had internal bleeding because of the catheter's insertion, and whether he would have lost 300cc of blood had Harouse, Brown, and Derry (all non-medical personnel) looked at his catheter bag when he requested medical attention as disputed facts precluding summary judgment. Even assuming the Corrections Defendants' actions were adverse—and even if, as Baez argues, the District Court made improper credibility determinations in deciding they were not—these facts, construed in Baez's favor, do not support a finding that they were in any way retaliatory. In his brief on appeal, Baez argues that the Corrections Defendants retaliated against him for "being a nuisance" and "badgering" them, and he points to

---

[4] The first element is not in dispute in this appeal.

three grievances that motivated their conduct.  See Appellant's Br. at 10.[5]  But these grievances were filed after the incident of which Baez complains and thus cannot have motivated the Corrections Defendants' actions on November 17.  Baez's contentions are otherwise too vague to create a triable issue of retaliation.  See Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991) (noting that "vague statements" are insufficient to create a material question of fact precluding summary judgment).  We therefore agree with the District Court's decision to grant summary judgment to these defendants.

The District Court also properly granted summary judgment to the Medical Defendants and Dr. Valley.  Even assuming Baez created a genuine dispute that his medical care was at times negligent or inadequate, and assuming it could constitute a "'more than *de minimis*'" adverse action, see Watson, 834 F.3d at 423 (citation omitted), he failed to provide sufficient evidence, in response to the defendants' motions, that the Medical Defendants' and Dr. Valley's treatment decisions were substantially motivated by his constitutionally protected conduct.  For example, many of the grievances Baez submitted to the District Court were filed after—and seemingly in response to—specific instances of allegedly inadequate treatment and thus failed to demonstrate an "unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action."  Id. at 424.  Further, the evidence demonstrates that Baez received extensive

---

[5] We utilize the pagination given to Baez's brief by the CM/ECF docketing system.

treatment from the Medical Defendants, Dr. Valley, outside specialists, and other providers for his conditions, both before and after he filed grievances and other complaints. This cuts against finding "a pattern of antagonism coupled with timing to establish a causal link." Id.

Moreover, although Baez alleged that some defendants refused to address all of his medical complaints during certain visits after he filed grievances against them, the record demonstrates that Baez, in the hundreds of sick call slips he submitted, often complained of chronic medical issues for which he was already being treated, and that the sick call process was intended to address new or acute issues. Baez has otherwise argued that there can be no reason for the defendants' actions other than retaliation and that the defendants were frustrated with his many years of complaints regarding their treatment. But these conclusory, self-serving statements are insufficient to withstand a summary judgment motion. See Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018). We therefore agree with the District Court that the Medical Defendants and Dr. Valley were entitled to summary judgment.[6]

---

[6] Considering the foregoing, we need not address the Medical Defendants' and Dr. Valley's contentions that they would have made the same decisions absent Baez's constitutionally protected activity. See Watson, 834 F.3d at 422 (noting that "even if [a plaintiff] establishes a *prima facie* case, prison officials may still prevail if they establish that 'they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest'" (citation omitted)). We also need not address the argument—which was not discussed by the District Court—that Baez failed to properly exhaust his administrative remedies.

Further, the District Court did not abuse its discretion in denying reconsideration. Baez contended that the Magistrate Judge deliberately denied access to discovery, which prevented him from effectively objecting to the Report and Recommendation. This contention, however, is rebutted by the record, which indicates that Baez had ample time for discovery and that the Magistrate Judge took measures to ensure that Baez received the discovery ordered. Baez otherwise did not demonstrate there was "an intervening change in controlling law[,] the availability of new evidence[,] or . . . the need to correct clear error of law or prevent manifest injustice" warranting reconsideration of the District Court's decision. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

We will accordingly affirm the District Court's judgment.[7]

---

[7] Baez's motion for reconsideration of the order denying his motion for appointment of counsel and the additional request for counsel he made in his brief are denied. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Baez has also included new affidavits in the Appendix he filed with this Court and has moved to supplement the record. We also deny that motion. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record.").