**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2021
_____

CURTIS L. GIBSON,
Appellant

v.

CAPT. CROUCH, JR.; SGT. WISER; CO BRENNAN; CO FROCK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-00547)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 19, 2021
_____

Before:  CHAGARES, *Chief Judge*, PHIPPS, and COWEN,** *Circuit Judges*.
_____

(Opinion filed: October 13, 2022)
_____

OPINION*
_____

_____

** The Honorable Robert E. Cowen participated in the disposition of this case before his
retirement.
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Curtis L. Gibson appeals from the order of the District Court granting summary judgment in favor of the defendants-appellees. For the reasons that follow, we will affirm.

Because the parties are familiar with the proceedings, we present only a summary of the background. Gibson is a Pennsylvania state prisoner. In 2017, he filed a civil rights complaint concerning the State Correctional Institution at Smithfield, identifying as defendants Captain Crouch, Jr., Sergeant Wiser, and Corrections Officers Brennan and Frock. Gibson alleged that on December 31, 2016, he was placed in cell KA-25 in the Restricted Housing Unit. Shortly after he arrived, he tried to get a drink of water from the sink, but neither faucet worked. He used various prison channels to notify staff of the lack of running water, stating that he asked to speak with the "white shirt" in charge, later identified as Crouch. Gibson alleged that a maintenance worker arrived on January 6, 2017, and turned on the water, but meanwhile, he was forced to drink toilet water. Gibson asserted that the defendants had been aware of the faulty sink before assigning him to the cell, and by assigning him to a cell with a broken sink for seven days, they violated his Eighth Amendment rights to be free from cruel and unusual punishment.

In 2018, the District Court granted Crouch's motion for summary judgment based on Gibson's failure to exhaust administrative remedies. In 2019, the District Court granted in part and denied in part the remaining defendants' motion to dismiss the complaint.[1] Gibson filed several motions. He contested the District Court's decision

---

[1] We dismissed Gibson's prior appeals concerning these decisions, C.A. Nos. 18-3062 and 19-1733, for lack of jurisdiction.

regarding the failure to exhaust, asserting that prison officials committed perjury and submitted false evidence pertaining to the grievance dates. He also alleged bias by the District Judge. The defendants filed a motion for summary judgment on Gibson's Eighth Amendment claim, arguing that the maintenance work orders on file for Gibson's cell during the relevant time establish that Gibson had running water in his cell. In support, the defendants filed an appendix of documents, including copies of the maintenance work orders. The defendants also included copies of Gibson's grievance forms and the prison's denials of relief to respond to Gibson's allegations that they had committed perjury. Gibson filed responses and his own motion for summary judgment.

In April 2020, the District Court vacated the prior memorandum and order granting summary judgment to defendant Crouch, finding that Gibson had met the administrative exhaustion requirement to proceed on his prison conditions lawsuit. The District Court acknowledged that, under certain circumstances, the deprivation of drinking water to a prisoner may rise to the level of an Eighth Amendment deprivation of a basic human need. (See District Court ECF #161 at 11-12 (citing Young v. Quinlan, 960 F.2d 351, 364-65 (3d Cir. 1992), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000)).) However, the District Court granted the defendants' motion for summary judgment on the Eighth Amendment claim and denied Gibson's motion for summary judgment. Gibson filed a timely notice of appeal concerning the District Court's April 2020 order.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the grant of summary judgment, applying the same standard as the District Court. See Thomas v. Tice, 948 F.3d 133, 137 (3d Cir. 2020). Under Federal Rule of Civil

3

Procedure 56(a), summary judgment is proper when, drawing all reasonable inferences and viewing the record in the light most favorable to the nonmovant, there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. See id. at 137-38; see also Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Gibson argues that, for purposes of Rule 56(c), the defendants' documentation of the plumbing work orders does not show the absence of a genuine issue of any material fact. Indeed, accepting the credibility of Gibson's own evidence at this stage, see Paladino v. Newsome, 885 F.3d 203, 209–10 (3d Cir. 2018), the maintenance paperwork for Gibson's cell leaves room for a factual dispute. The defendants' Exhibit B-1 shows a work order entered on December 17, 2016, stating that the cold water was not working and that the hot water was "constantly running," with the comment of "repaired sink" on December 19, 2016. (District Court ECF #153 at 68.) Exhibit B-2 shows another work order entered on December 29, 2016, two days before Gibson was assigned to the cell, again noting that the "sink continuously runs." (Id. at 69.) The defendants thus argued that the evidence showed that Gibson was never deprived of running water because the hot water had been documented as running continuously in his cell. The District Court agreed, noting, "There is no evidence that Gibson was without running water in his cell at any time during the seven days at issue." (District Court ECF #161 at 13.) Yet Exhibit B-2 shows a work completion date of January 6, 2017, with the staff comment: "turned valves back on—no issue at this time." (District Court ECF #153 at 69.) This staff

comment appears to support Gibson's allegations that his sink had no running water until a maintenance worker turned the water "back on" on January 6, 2017.

But even with that dispute of fact, Gibson must still come forth with evidence of deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 839–40 (1994). To meet that subjective standard, an official must know that an inmate faces a substantial risk of serious harm and must disregard that risk by failing to take reasonable measures to abate it. See Parkell v. Danberg, 833 F.3d 313, 335 (3d Cir. 2016) (quoting Chavarriaga v. N.J. Dep't of Corrs., 806 F.3d 210, 229 (3d Cir. 2015)). Thus, in addition to creating a genuine dispute that between December 31, 2016, and January 6, 2017, the sink in his cell was broken and that he had no other sanitary source of drinking fluids, Gibson needs to also come forward with evidence that a defendant knew of that problem and failed to take reasonable measures to address that problem. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). And he has not produced any such evidence. If anything, his evidence cuts against a finding of deliberate indifference: the documents during the relevant period indicate that the sink was repaired and later that the water ran continually – not that his cell had no sink water and that he was otherwise denied sanitary drinking fluids. Without evidence of that necessary element of his claim – a defendant's deliberate indifference – Gibson cannot survive summary judgment.

Finally, Gibson continues to assert that the defendants submitted false evidence pertaining to the grievance dates, and he argues that the documents are inadmissible. To the extent that Gibson's arguments are framed under Rule 56(c)(2), the alleged date discrepancies concerning Gibson's pursuit of grievances no longer appear to be relevant, given that the District Court deemed his claims to have been exhausted. Gibson also

5

argues that the District Judge's rulings were biased. He provides no adequate basis for that argument. See, e.g., Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (discussing allegations of bias for a recusal motion, reiterating the principle that "a party's displeasure with legal rulings does not form an adequate basis for recusal").

Based on the above, we will affirm the District Court's judgment. Gibson's motion to dismiss and for summary judgment, filed in this Court, is denied.