**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1814
_____

CHARLES TALBERT,
                          Appellant

v.

DEPARTMENT OF CORRECTIONS; JOHN E. WETZEL, Secretary of PA Department
of Corrections; SUPERINTENDENT LAUREL HARRY; OFFICER  BENNING, Level
5 Housing Unit Property Officer; BETH HERB, Health Care Administrator; THEODOR
VOORSTAD, Contract Medical Doctor; MARGARET GORDON, Dietary Management
Services Specialist, DOC; BRAD RITCHEY, Unit Manager, Level 5 Housing Unit,
Camp Hill
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-01669)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 28, 2022
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: June 7, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Charles Talbert, a Pennsylvania prisoner, appeals from an order of the United States District Court for the Middle District of Pennsylvania which granted the defendants' motions to dismiss his amended complaint. For the following reasons, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

Talbert filed a complaint, which he later amended, alleging that the defendants failed to follow a recommendation, made by a doctor at Holy Spirit Hospital in August 2021, that he receive Flexeril for "lower-back muscle spasms" and "'double portions' of food ongoing to ensure that he retained proper nutrition."[1] (ECF 21, at 5.) The amended complaint raised claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Talbert named as a defendant, inter alia, Dr. Theodor Voorstad, who was contracted to provide care to inmates at SCI-Camp Hill.[2] Dr. Voorstad filed a motion to dismiss. (ECF 53 & 54.)

---

[1] Talbert alleged that he has "[a] faulty digestive system due to the surgical removal of his colon, which causes food nutrients to not properly absorb into his system unless being fed in proper quantitative portions." (ECF 21, at 4.)

[2] Talbert also brought a retaliation claim against SCI-Camp Hill Superintendent Laurel Harry, Unit Manager Brad Ritchey, and Officer Benning. Later, however, Talbert withdrew all claims against those defendants. (ECF 42.) He also named as defendants the Pennsylvania Department of Corrections (DOC), the former DOC Secretary, several DOC employees, including Dietary Management Services Specialist Margaret Gordon and Health Care Administrator Herb. Talbert now moves to dismiss those parties as appellees to this action. (Doc. 30.) We grant that motion.

2

The District Court granted that motion, holding that Talbert either failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act or failed to state a claim upon which relief can be granted.  (ECF 94 & 95.)  The District Court also denied several motions filed by Talbert, including a motion for a preliminary injunction.[3]  (ECF 94, at 23-25.)  Talbert appealed.  (ECF 97.)

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal order.  See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Failure to exhaust is an affirmative defense.  See Jones v. Bock, 549 U.S. 199, 216 (2007).  "[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)."  Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (quoting Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)).  Thus, exhaustion is not required "when prison administrators thwart inmates from taking

---

[3] Of the several motions that the District Court denied, Talbert challenges only the denial of the motion for a preliminary injunction.  See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (noting that arguments not raised in an opening brief on appeal are forfeited).

advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 644 (2016).

On August 21, 2021, Talbert submitted an initial grievance, complaining about Dr. Voorstad's failure to comply with the hospital's "medical order for a prescription for Flexeril … and for … a medical diet of 'double portions[.]'" (Doc. 17, at 48.) In response to that grievance, a nurse stated that "[a]fter review of the discharge paperwork from the hospital, I found no mention of the diet recommendations that you mentioned in your grievance." (Id. at 49.) The nurse noted, however, that "[i]t was recommended that you have small meals more frequently, which would allow you to use commissary as the meals between breakfast, lunch and dinner provided to you by the DOC." (Id.) With respect to Talbert's request for Flexeril, the nurse explained that the hospital doctor's recommendation was "just that, [a] recommendation[,]" that "[a]t times, what is ordered … is not the standard of care given and is not followed[,]" and that "[i]f the providers did not feel that a particular medication was needed or felt that the same [e]ffects could be given with a different medication, that is the right of the medical providers employed by the DOC." (Id.) The nurse concluded by writing that "this grievance is denied and no relief is warranted." (Id.) Talbert did not appeal from the denial of his grievance, explaining that he was "content with having access to food from the commissary vendor[.]" (ECF 65, at 5.) Later, however, Talbert was "denied access to the commissary by the DOC …." (Id.) At that point, Talbert contends, "he was time-barred

4

from filing an appeal, and unable to raise [issues related to the denial of double portions of meals] again in another grievance." (Id. at 8.)

In these circumstances, we conclude that there is a dispute of fact concerning whether prison officials made a misrepresentation that rendered the grievance process unavailable. See Hardy v. Shaikh, 959 F.3d 578, 588 (3d Cir. 2020) ("[T]o defeat a failure-to-exhaust defense based on a misrepresentation by prison staff, an inmate must show (1) that the misrepresentation is one which a reasonable inmate would be entitled to rely on and sufficiently misleading to interfere with a reasonable inmate's use of the grievance process, and (2) that the inmate was actually misled by the misrepresentation."). Given that dispute, the District Court should have made factual findings pursuant to Small v. Camden County to determine the availability of administrative remedies. 728 F.3d 265, 270 (3d Cir. 2013). It erred by failing to do so. Accordingly, we will vacate that portion of the District Court's judgment that held that Talbert failed to exhaust administrative remedies with respect to the claims brought against Dr. Voorstad. To resolve the factual dispute on remand, the District Court must, "at a minimum—notify the parties that it will consider exhaustion in its role as a fact finder under Small" and "at least provide the parties with an opportunity to submit materials relevant to exhaustion that are not already before it." Paladino v. Newsome, 885 F.3d 203, 211 (3d Cir. 2018). Holding "a full-scale evidentiary hearing (*i.e.*

5

involving live testimony) is not [always] required" and remains within the District Court's discretion.  Id.

For the foregoing reasons, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.  We will affirm, however, the District Court's denial of Talbert's motion for a preliminary injunction.[4]

---

[4] Talbert's challenge to the District Court's denial of his motion for a preliminary injunction, which sought to "restrain Defendants [at SCI Camp Hill] from denying [him] access to the commissary vendor to purchase food items" (ECF 25, at 6), is moot because the Pennsylvania Department of Corrections Inmate Locator indicates that Talbert's "Current Location" is SCI Phoenix, with a "Permanent Location" at SCI Coal Township. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); United States v. Lucas, 841 F.3d 796, 802 (9th Cir. 2016) (taking judicial notice of information from inmate locator).  Talbert's "Emergency Petition" (Doc. 12), in which he asks that we direct the DOC "to immediately deduct $500 from [his] inmate account in exchange for $500 worth of food from the DOC's commissary vendor" is denied.  Dr. Voorstad's motion for leave to file a supplemental appendix is granted.