**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3073
_____

AUGUST B. KREIS, IV,
                            Appellant

v.

JAMES ALERCIA; PATRICK A. CLINESE, PPD Badge #2733; JOHN GILLEN;
EVAN GOLDSTEIN, PPD Badge #2703; KENNETH MCPHERSON; PALMER
TOWNSHIP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:21-cv-03321)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: August 25, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

August Kreis, IV, appeals pro se from the District Court's order granting the appellees' motion for summary judgment. We will affirm in part, vacate in part, and remand for further proceedings.

I.

On November 8, 2020, Kreis' sister found a gun under his bed, brought it to the Palmer Township Police Department, and reported to Officer Evan Goldstein that Kreis' possession of the gun was illegal based on his criminal history. Kreis' stepfather also gave a statement about an incident that occurred a few months before in which Kreis assaulted him and threatened him with the same gun. Based on Kreis' criminal history and the statements from Kreis' family members, Goldstein immediately sought and obtained a warrant for Kreis' arrest, charging him with unlawful possession of a firearm by a convicted felon, as well as search warrants for his house and car.

Later that night, nine police officers were dispatched to Kreis' address to execute the warrants. Officer John Gillen spoke on the phone with Kreis, who agreed to come outside. He then walked through the front door toward Officers Gillen and Kenneth McPherson. At some point, Kreis turned away from the officers. They immediately attempted to gain physical control of Kreis, which caused all three men to fall to the ground. McPherson tased Kreis. Kreis, who has epilepsy, began seizing. At this point, Officer Patrick Clinese approached and, seeing Kreis reach for McPherson's service

2

weapon while struggling with McPherson and Gillen on the ground, also deployed his taser on Kreis. When Kreis stopped seizing and came to, Officer James Alercia was pointing an assault rifle at his head. Kreis was then handcuffed, placed in custody, and taken to the hospital. He suffered several bruises, including one on the front of his head, injuries from the taser barbs, dizziness lasting several days, and headaches lasting three weeks. Kreis was additionally charged with and later pleaded guilty to resisting arrest and disarming a law enforcement officer, as well as various crimes related to the earlier incident with his stepfather.

In July 2021, Kreis filed a complaint pursuant to 42 U.S.C. § 1983, which he later amended, alleging violations of his Fourth and Fourteenth Amendment rights. The District Court ultimately dismissed most of Kreis' claims but allowed his excessive force claims against defendants McPherson, Gillen, Clinese, and Alercia to move forward. These remaining defendants filed a motion for summary judgment, which the District Court granted, explaining that the officers' actions in effecting Kreis' arrest were objectively reasonable under the circumstances. Kreis timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We construe Kreis' filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), but we do not consider issues that he does not raise. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that litigants forfeit claims that they fail to develop in an opening brief).

3

Kreis' opening brief contests only the District Court's order granting summary judgment, over which we exercise de novo review. See Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party "must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000).

### III.

"The question in excessive force cases is whether, under the totality of the circumstances, 'the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Anglemeyer v. Ammons, 92 F.4th 184, 188 (3d Cir. 2024) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). This determination is made based on the officers' perspective at the scene, "rather than with the 20/20 vision of hindsight." Id. (quoting Graham, 490 U.S. at 396). In addition, "[t]he history of the interaction, as well

4

as other past circumstances known to the officer . . . may inform the reasonableness of the use of force." Barnes v. Felix, 145 S. Ct. 1353, 1358 (2025).

The following factors are used to assess officers' reasonableness: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," Anglemeyer, 92 F.4th at 188, as well as "the physical injury to the plaintiff, the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Id. at 189.

We are constrained to agree with the District Court that the available evidence indicates that Officers Clinese and Alercia acted objectively reasonably. According to several officers' reports, Clinese tased Kreis when he saw Kreis reach for McPherson's service weapon. Cf. Johnson v. City of Phila., 837 F.3d 343, 350 (3d Cir. 2016) ("[O]nce [plaintiff] began reaching for [the police officer]'s gun, [the officer] was justified in using deadly force to defend himself"). Kreis did not deny that he reached for the gun—on the contrary, he pleaded guilty to disarming an officer. Further, Alercia never touched Kreis; he only aimed his weapon at Kreis after Kreis' altercation with the other officers but before he was handcuffed. See Graham, 490 U.S. at 396 ("[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or

5

threat thereof to effect it."). Again, Kreis did not deny this version of events. Viewing the evidence in the light most favorable to Kreis, as we must, he has failed to show a genuine issue of material fact that would enable his claims against Officers Clinese and Alercia to survive summary judgment.

We disagree, however, with the District Court's grant of summary judgment with respect to the claims against Officers McPherson and Gillen. The District Court's analysis of these claims assumes that Kreis was actively resisting arrest throughout the entire encounter, and that this resistance rendered McPherson's and Gillen's actions objectively reasonable. Though Kreis pleaded guilty to resisting arrest, it is not clear from which specific facts that conviction arose. Moreover, his conviction for resisting arrest "would not be inconsistent with a holding that the officers, during a lawful arrest, used excessive (or unlawful) force in response to his own unlawful actions." Lora-Pena v. F.B.I., 529 F.3d 503, 506 (3d Cir. 2008) (per curiam).

There are genuine issues of material fact regarding whether McPherson's and Gillen's actions were reasonable. McPherson's and Gillen's reports describe a "leg sweep" used to trip Kreis. But even in the brief excerpt of Kreis' deposition provided by Appellees, Kreis recounts a notably more violent altercation: he describes the officers "slamming [him] to the ground" before he "got a chance to reply [their] orders," such that his head bounced off the ground and induced a seizure. ECF No. 68-1 at 63; see Paladino v. Newsome, 885 F.3d 203, 209 (3d Cir. 2018) ("a single, non-conclusory affidavit or

6

witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment." (quoting Lupyan v. Corinthian Colls., Inc., 761 F.3d 314, 320 (3d Cir. 2014))). Gillen's and McPherson's reports also conflict with each other: Gillen states that McPherson tased Kreis *after* they all fell to the ground, and McPherson states that he tased Kreis *as* Gillen tripped him.

We note that the record in this case is underdeveloped. Although the record contains the involved officers' reports, Kreis' criminal history records, and the transcript of his guilty plea proceeding, it includes only excerpts (eight nonconsecutive pages out of 119) from Kreis' deposition. In addition, though body worn camera footage from all involved officers was recorded and preserved, none of this footage was placed in the record.[1]

In sum, we will affirm the District Court's judgment with respect to the claims against Officers Clinese and Alercia. We will vacate the grant of summary judgment with respect to the claims against Officers McPherson and Gillen, and remand for further presentation of information to the District Court, including Kreis' full deposition and body camera footage if the District Court seeks it, on those claims only. See DeHart v. Horn, 227 F.3d 47, 59-60 (3d Cir. 2000) (en banc) (reversing district court's grant of summary judgment and remanding for further development of the record). We express no

---

[1] Kreis states in this Court that he requested this footage from the defendants but never received it.

opinion about whether summary judgment would be appropriate in light of a more complete record.